## KOSTACHEK v. KOSTACHEK.

No. 3323.    Opinion Filed May 26, 1914.

(140 Pac. 1121.)

1.    DIVORCE—Revivor of Condoned Adultery—Sufficiency of Evidence.    Evidence examined and held to show subsequent acts of cruelty sufficient to revive condoned adultery.

2.    SAME—"Condonation."    Condonement is forgiveness conditioned on future good conduct.

(Syllabus by the Court.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action by Toney Kostachek against Joseph Kostachek, for divorce. Judgment for defendant, and plaintiff brings error. Reversed.

*W. K. Moore,* for plaintiff in error.

*H. B. Martin, Chas. E. Bush,* and *Jno. Y. Murry, Jr.,* for defendant in error.

TURNER, J.   On July 2, 1910, Toney Kostachek, plaintiff in error, sued Joseph Kostachek, defendant in error, in the district court of Noble county, for divorce, alleging, among other things, adultery.   On July 13, 1910, there was condonement of that offense, whereupon she dismissed the suit and returned to the bed and board of defendant, where she remained until November 22, 1910, at which time she left him and brought the instant suit for divorce in the district court of Tulsa county, alleging the same offense.   On December 15, 1910, defendant answered and set up as stated, filed a copy of the petition in the Noble county suit as an exhibit to his answer, and pleaded, among other things, the condonation.   After issue joined by reply, in effect a general denial, there was trial to the court and a demurrer sustained to plaintiff's evidence, and judgment accordingly, and plaintiff brings the case here.   There is no conflict in the testimony.   The evidence discloses that the parties were married at Perry, Okla., April 15, 1909; that immediately thereafter, defendant failing to arrange otherwise, plaintiff went to live with her father near that place, and defendant went to live at Tulsa, Okla., where he has since continued to reside; that being informed that defendant was living in adultery plaintiff went to Tulsa and ascertained the fact for herself and returned to Perry and brought suit, as stated; that thereafter they became reconciled, and plaintiff agreed to dismiss her suit and live with defendant, which she did upon a promise made her by defendant that he would quit the woman he was living with and give plaintiff a piano the woman was using and $10,000 worth of property, all of which he failed to do; that after she had dismissed her suit, although defendant was worth some $60,000, they, over her protest, lived together in two rooms of a poorly furnished house in Tulsa on 40 cents per day; that, while there is no direct proof of subsequent adultery, the relations existing between defendant and the woman he had been living with continued friendly, and, known to plaintiff, he continued to visit her house on one pretext or another; that all during her married life plaintiff's health was poor, and she decreased in weight from some 130 to 75 pounds, owing, as her physician told her, to her

domestic troubles; that while living together in Tulsa, when importuned by plaintiff to carry out his promise concerning the property, defendant would become sullen and refuse to speak to plaintiff for a day at a time, and on one occasion solicited her to run a bawdyhouse and become a prostitute and give him an opportunity to levy blackmail on the customer; that, before bringing the instant suit, she became pregnant, but afterwards miscarried, owing to physical weakness caused by worrying over the case and the way her husband treated her. In holding, as he did, that these acts of cruelty were insufficient to revive condoned adutlery, the court erred.

Condonement is foregiveness conditional on future good conduct. A repetition of the offense condoned is a revivor thereof, as is also the commission of another cause for divorce, 9 Am. & Eng. Enc. Law, 824. And subsequent acts of cruelty will revive condoned adultery, although they would not support an original suit for divorce on that statutory ground.

Greenleaf on Evid. (15th Ed.) sec. 53, says:

"Condonement is a sufficient answer to the charge of adultery, in a libel; but it does not follow that it is a good answer to a recriminatory plea, for circumstances may take off the effect of condonation, which would not support an original suit for the same. Thus facts of cruelty will revive a charge of adultery, though they would not support an original suit for it. Condonement is forgiveness, with an implied condition that injury shall not be repeated, and that the party shall be treated with conjugal kindness; and on breach of this condition the right to a remedy for former injuries revive. * * * It must be free, for, if obtained by force and violence, it is not binding; and, if made upon an expressed condition, the condition must be fulfilled."

2 Bishop on Marriage, Divorce & Separation, sec. 308, says:

"All condonation, especially the implied, is upon the condition, both that the offense shall not be repeated, and likewise that continually afterward the party forgiven shall treat the other with conjugal kindness, whereupon a breach of the condition revives the original right of divorce."

And in giving the "why" of it, the learned author, in the next section, says:

"Though in some degree this doctrine is technical, there are plainly for it various reasons. One is that the condoning party almost certainly proceeded on the assurances from the other, or on a belief otherwise induced, of repentance. Then, if the latter's conduct shows that the repentance was either feigned or ineffectual, the condonation was result of fraud or mistake, two impediments either of which, on well-recognized principles of law, invalidate any undertaking."

Further citation of authority is unnecessary. If more is desired, the same may be found by reference to the notes to those already cited. Especially do we call attention to the very able opinion of Boyd, J., in *Fisher v. Fisher,* 93 Md. 298, 48 Atl. 833, where he exhausts the subject. In the last paragraph of the opinion he says:

"We will not quote the testimony on that subject, but in our opinion it establishes such cruelty on the part of the husband as, under the authorities, is at least sufficient to revive the original offense of adultery, which was condoned, and we need not discuss it as to its sufficiency to authorize a divorce *a mensa et thoro.*"

Neither will we stop to inquire whether the cruelty here complained of is up to the full measure essential to establish cruelty under the statutes for the reason that the same is unnecessary. What we hold, however, is that the facts of cruelty disclosed by the record are ample to revive condoned adultery, and that the court erred in sustaining a demurrer to the evidence.

The cause is therefore reversed, with direction to proceed in accordance with this opinion.

All the Justices concur.