(No. 5041. March 21, 1929.)

DOLLIE OLSON, Appellant, v. SVEN OLSON, Respondent.

[276 Pac. 34.]

Wm. B. Davidson and Barber & Barber, for Appellant.

L. W. Tennyson, for Respondent.

WM. E. LEE, J.—From a decree awarding respondent a divorce, the custody of his minor son, Donald Lee Olson, and

an equal division of certain real property, this appeal is prosecuted.

A divorce was sought by each of the parties on the ground of extreme cruelty; the custody of the child was demanded by each on the ground of his fitness therefor and the other's unfitness; and each claimed a share in the community property. From the careful examination we have made of the entire record, it is our conclusion that the evidence is sufficient to sustain the findings. That there is a decided conflict cannot be denied. In fact, the argument of counsel is directed to the weight rather than the absence of evidence. The trial judge observes the demeanor of the witnesses and hears them testify. The law authorizes him, rather than us, to pass on the weight of the evidence; and it is well settled that, although the evidence is conflicting, where it is sufficient to sustain the findings, they will not be disturbed. (*Morrison v. Morrison,* 38 Ida. 45, 221 Pac. 156; *Davenport v. Burke,* 30 Ida. 599, 167 Pac. 481.)

The evidence in support of the respondent's cause of action covered a period of several months, and it is contended that, because the parties lived together after certain of the happenings, there was a condonation of the former acts, and evidence with respect thereto was inadmissible. This contention is without merit. When one spouse forgives a marital offense of the other, there is at least an implied condition that the condoned offense will not be repeated; and such condoned offense is revived by a repetition thereof. The commission of the subsequent acts of cruelty by the wife revived her former acts of cruelty, and evidence thereof was admissible. (9 R. C. L., Divorce and Separation, sec. 177; 19 C. J., Divorce, secs. 204, 205; *Kostachek v. Kostachek,* 40 Okl. 747, 140 Pac. 1021.)

The point is made that the evidence of cruelty was without corroboration. It was said in *Donaldson v. Donaldson,* 31 Ida. 180, 170 Pac. 94, that:

"No definite rule as to the degree of corroboration required can be laid down, and each case must be decided according to its own facts." (*Bell v. Bell,* 15 Ida. 7, 96

Pac. 196; *De Cloedt v. De Cloedt*, 24 Ida. 277, 133 Pac. 664.)

And, in *Reubelmann v. Reubelmann*, 38 Ida. 159, 220 Pac. 404, this court held:

"When the ground of the divorce action is extreme cruelty it is frequently impossible to obtain corroboration of the specific acts of the cruelty alleged, but in such cases there may be evidence of other facts that furnish a degree of corroboration sufficient to meet the requirements of the statute. The court had a right to consider all facts and circumstances in evidence, outside of the testimony and admissions of parties, that threw any light on the conduct of the appellant toward the respondent in determining whether or not the testimony of the respondent was sufficiently corroborated."

While it is well settled in this state that a divorce cannot be granted on the "uncorroborated statement, admissions or testimony of the parties," C. S., sec. 4641, where, as in this case, it is evident that there is no collusion between the parties, slight evidence of corroboration will suffice. (*Piatt v. Piatt*, 32 Ida. 407, 184 Pac. 470.) Without stating the evidence on which the divorce was granted, an examination of the record discloses that, outside of the testimony of the parties, there were sufficient facts and circumstances to satisfy the statutory requirement of corroboration; and it is our conclusion that the evidence was such as to justify the court in awarding respondent a decree of divorce.

 As is usual in such cases, the principal controversy relates to the custody of the child, and appellant contends that the court erred in awarding it to the father.

C. S., sec. 4643, provides that:

"In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

And this court had said that:

"The question as to the disposition of children is in the first instance in the discretion of the trial court, and unless such discretion is abused the judgment will not be disturbed." (*Donaldson v. Donaldson, supra.*)

The parties, as well as a number of the neighbors expressed views as to the proper disposition of the child, and it is not claimed that the evidence is without conflict. A number of witnesses testified that, as between the two, the father was better fitted to have its care and custody; that the child would be better off with its father than its mother. Irrespective of the wishes of the parents in such a case, the welfare of the child is the matter of utmost importance. The trial judge saw the father and the mother; he observed their demeanor and heard them testify; and, from his position of vantage, decided that the best interests of the child would be served by awarding its care and custody to the father. Under such circumstances, we are asked to set aside the trial court's decision and award the child to its mother. Now, it is well settled that an appellate court will set aside such an award only where the trial court has manifestly abused its discretion. (*Donaldson v. Donaldson, supra; Damm v. Damm,* 82 Mont. 239, 266 Pac. 410.) Awarding the custody of a child of tender years to its father, rather than its mother, on evidence that the father is better fitted to care for and educate it, does not constitute an abuse of discretion. The evidence sustains the award, and we cannot say that the court erred.

Specifications of error with respect to the division of the property and the admission of evidence have been examined and found to be without merit.

Judgment is affirmed.

Budge, C. J., and Givens and Varian, JJ., concur.