No. 14,581.

THUM v. THUM.
(98 P. [2d] 279)

Decided December 26, 1939.    Rehearing denied January 22, 1940.

Mr. John T. Dugan, Mr. Richard F. Ryan, Mr. Nathan I. Golden, for plaintiff in error.

Mr. John J. Morrissey, Mr. Charles T. Mahoney, Mr. William H. Scofield, for defendant in error.

*In Department.*

Mr. Justice Young delivered the opinion of the court.

The parties to this proceeding are husband and wife. The husband had commenced a suit for divorce against the wife in the district court of the City and County of Denver. The wife instituted an action in the same court to enjoin the husband from prosecuting the divorce action in so far as it was based in whole or in part on any occurrence prior to the execution of a separation agreement into which they had entered September 9, 1935. The district court having found in her favor in the injunction case, the wife by supplemental complaint asked for judgment against the husband for payments due and owing her to the date of the filing of her supplemental complaint on the separation agreement. She further asked that the court enter an order requiring the defendant to make the $25.00 weekly payments thereafter to become due in accordance with the terms of said separation agreement. The district court entered its decree prohibiting the husband from prosecuting the divorce action, which he theretofore had instituted, on any occurrences antedating September 9, 1935, awarded the wife the $1225.00 for which she prayed in her supplemental complaint, and ordered that the $25.00 payments be made thereafter as they fell due in accordance with the terms of said agreement. The husband seeks a reversal of this judgment. The wife will be so designated

or as plaintiff, and the husband as such or as defendant, as they appeared in this action in the district court.

A recital of the sordid details of the domestic difficulties, extending over more than a quarter of a century, would serve no useful purpose in this opinion. The separation agreement recited the existence of such difficulties and among other things provided that the husband would not demand a resumption of the marital relationship and that, having in mind the religious convictions of the wife, he would not bring or cause to be brought an action for divorce from her on any grounds then known to him, and that the differences giving rise to the separation should not be considered to constitute a cause or causes of action for divorce. Subsequent to entering into this agreement the defendant made the payments until the time of the institution by him of the divorce action, which was predicated upon the grounds of cruelty and desertion.

In his cause of action based on cruelty the husband set up numerous instances of alleged cruelty which occurred prior to September 9, 1935, the date of the execution of the separation agreement, and a number of others that took place subsequent to its execution. If, prior to the separation, the husband had condoned the acts of cruelty of which he complained by continuing the marital relationship after their occurrence and his knowledge of them, or if it be assumed that by entering into the agreement he condoned such acts of cruelty, this in and of itself would not be a bar available under all circumstances to prevent his bringing an action for divorce. Condonation is always conditional. It is conditioned on the assumption that there will be no repetition of the conduct condoned. Such a repetition voids the condonation and makes available as grounds for divorce not only the acts committed subsequent to the condonation but also those which have been condoned. *Harding v. Harding,* 36 Colo. 106, 85 Pac. 423; *Olson v. Olson,* 47 Ida. 374, 276 Pac. 34; *Longinotti v. Longinotti,*

169 Ark. 1001, 277 S. W. 41; *Murchison v. Murchison* (Tex.), 171 S. W. 790; *Colter v. Colter*, 204 Ia. 575, 215 N. W. 619; *Young v. Young*, 323 Ill. 608, 154 N. E. 405.

■ Where a divorce action is contested the submission of the issues to a jury is mandatory under the statute. '35 C. S. A., c. 56, §§9, 10; *Johnson v. Johnson*, 22 Colo. 20, 43 Pac. 130, 55 Am. St. 112. We are of the opinion that an action to enjoin the prosecution of a divorce suit on grounds which clearly would be available as a defense in the latter, as is the case here, is to all intents and purposes a contesting of the action. It was error for the court sitting as a chancellor to substitute his judgment for that of a jury in a divorce case and assume to decide whether the subsequent alleged acts of the wife were or were not proved, and, if proved, as to whether they did or did not constitute cruelty to the husband. It appears from the finding and judgment of the court that it did usurp, and to make them it was necessary that it usurp, the exclusive function of the jury.

■ Since the relief granted the wife on her supplemental complaint was for an alleged breach of the contract and for future threatened breaches it can be upheld as a proper exercise of the court's jurisdiction only on the theory that equity having rightfully assumed jurisdiction of a controversy to grant injunctive or other equitable relief will dispose of all matters in controversy between the parties touching the issues presented. Having held that there was no sufficient ground for the assumption of equitable jurisdiction to grant an injunction, the judgment entered concerning payments alleged to be due under the agreement, and the order that further payments be made in accordance therewith, must fall when the action for injunctive relief is nullified.

The judgment is reversed.

Mr. Chief Justice Hilliard and Mr. Justice Knous concur.