303 P.2d 240

**Lenora Eileen STEVENS, formerly Davis, Plaintiff-Appellant,**

v.

**Clair DAVIS, Jr., Defendant-Respondent.**

No. 8392.

Supreme Court of Idaho.

Oct. 30, 1956.

Hawkins & Miller, Coeur d'Alene, Sennett S. Taylor, Wallace, for respondent.

James P. Keane, R. G. Magnuson, Wallace, for appellant.

ANDERSON, Justice.

This is an action involving custody of two minor children. The parties were mar-

ried May 19, 1946, near Mullan, Idaho, and divorced August 27, 1953, in St. Louis, Missouri. The father (defendant-respondent herein) was awarded the care, custody and control of the minor children, Royal Davis and Larry Davis. The mother (plaintiff-appellant herein), who was employed during the week, was given temporary custody of said children on alternate week ends from 9 a. m. Saturday to 7 p. m. Sunday.

November 24, 1953, the father, his mother—who was caring for the children—and the children moved to Mullan, Idaho, where the father had been born and reared. He did not notify the children's mother of his intention to move until the day he left, when he wrote a letter informing her that they were leaving. The decree did not require him to give such notice, nor to keep the children in the state. He did not state where they were going, and the wife did not learn of their whereabouts until December, 1954. However, she presumed they would go to Mullan.

December 14, 1954, the mother, by proceedings commenced in 1953 in the court where the original divorce decree was entered, had an order entered modifying it

"* * * only so far as to cancel order heretofore entered granting custody of the two minor children to defendant, Clair L. Davis."

In March, 1955, the mother started the present action in the District Court of the First Judicial District of the State of Idaho, in and for the County of Shoshone, seeking a decree awarding her the children's custody (and other relief not now in issue).

The evidence discloses that at the time this action was started in March of 1955, Royal was seven years of age and Larry, four. The mother remarried in December, 1953, no longer works, and was expecting a child in September or October, 1955, which counsel informed the court she now has. Her present husband earns $100 a week, working a steady night shift as a die setter from 4 p. m. to 12:30 a. m. He gets home about 1 a. m. and sleeps to around 9 a. m. He has expressed his willingness to take the children and help provide for them. The mother and her present husband are purchasing a home, which has two rentals totaling $120 a month, while the payments amount to $90 per month.

The children's father is employed near Spokane, Washington, five days a week. He returns to Mullan, Idaho, every week end to be with the children, who have been in his custody in Mullan since November, 1953. The children are living with their father's parents.

There is no dispute that the father takes a personal interest in the children and their activities, that the children are well

cared for, trained, loved and respected. They attend Sunday school regularly, and Royal attends school and has been an A student. The children are happy in their present home and environment.

The district court, after hearing the matter of the custody of the children, granted their custody to the father, with visitation rights granted to the mother. The mother specifies error in the court's conclusion of law that she failed to show a sufficient change of facts or conditions to justify a modification of the decree as to custody. She contends that she did make a sufficient showing, in that she has remarried, has a good home, is no longer employed outside the home, that the father is with the children only about two days a week, and that her present husband is willing to take the children and provide for them.

■ The present action is not one to modify the original decree relating to child custody. It is an action in the nature of an original proceeding for custody of the children as in the first instance. The mother had obtained a modification of the decree in the original action in Missouri by having that court vacate its decree as to the father's custody. At the time the mother filed the Idaho action for custody, neither party had a court order granting custody of the children, but the father had their actual custody. The trial court, in its aforementioned conclusion of law, committed error, but harmless error, since the question of modification was not before the court nor involved in the proceeding.

The mother contends that the trial court erred in awarding the custody of the children to the father because there was no finding that she was not a fit and proper person to have their custody. In the present case, there was no showing that either party was unfit to have the care, custody and control of the minor children.

■ The welfare and best interests of the minor children are the matters of paramount importance to be considered by the court in determining to whom the custody should be awarded. Application of Altmiller, 76 Idaho 521, 526, 285 P.2d 1064; Jeppson v. Jeppson, 75 Idaho 219, 223, 270 P.2d 437; Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645; Olson v. Olson, 47 Idaho 374, 276 P. 34; Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91; Tobler v. Tobler, 78 Idaho 218, 299 P.2d 490; Soderburg v. Soderburg, 78 Idaho 177, 299 P.2d 479.

■ The mother contends that the trial court abused its discretion in not giving her the custody of the children. The custody of minor children is, in the first instance, committed to the trial court, and its determination will not be interfered with in the absence of an abuse of discretion. Warner v. Warner, 77 Idaho 164, 290 P.2d 212; Jeppson v. Jeppson, 75

Idaho 219, 270 P.2d 437; Wilson v. Wilson, 77 Idaho 325, 291 P.2d 1113. There was no showing that the children's normal affection for their mother was being alienated, and the decree provides for reasonable rights of visitation by her.

In the case of Olson v. Olson, 47 Idaho 374, 276 P. 34, 35, this court stated:

"* * * Awarding the custody of a child of tender years to its father, rather than its mother, on evidence that the father is better fitted to care for it and educate it, does not constitute an abuse of discretion. The evidence sustains the award, and we cannot say that the court erred."

In the case of Jeppson v. Jeppson, 75 Idaho 219, 270 P.2d 437, 440, this court stated.

"Appellant [mother] asks us to declare the trial court abused its discretion by refusing to award the custody of the child to the mother and permit her to take it to Little Rock, Arkansas. Such action by the trial court would have placed the boy beyond the jurisdiction of the court and practically deprived the father of association with and right of visitation to his son. The boy would be deprived of his father's companionship, love and guidance. He would be removed from his companions and the school which he attends, and taken to new and strange surroundings. He would be under the care of his mother, practically a stranger for the past four years, and in the home of his step-father, a stranger. We cannot say the trial court abused its discretion under the facts and circumstances in this case in refusing to modify the original decree and in remanding the child to the custody of its father."

It is our opinion that the trial court did not abuse its discretion, and that the best interests and welfare of the children will be served under the decree as entered by the trial court.

Judgment affirmed.

No costs allowed.

TAYLOR, C. J., and KEETON, PORTER and SMITH, JJ., concur.