236 P.2d 718

**RICHARDSON v. RICHARDSON.**

No. 7782.

Supreme Court of Idaho.

Oct. 13, 1951.

Carl C. Christensen, Pocatello, for appellant.

Bistline & Bistline, Pocatello, for re-
:spondent.

KEETON, Justice.

The facts in this case are not materially
·in conflict and may be briefly summarized
.as follows: The parties were married
February 14, 1948; thereafter, in an un-
·contested proceedings, a decree of divorce

was granted respondent (plaintiff) on De-
cember 10, 1949. A child, Katherine IΓae,
born the issue of the marriage in March,
1949, was by the terms of the decree award-
ed to respondent.

By a petition filed February 16, 1951, the
defendant (appellant here) sought, because
of changed circumstances and conditions
to modify the decree and have custody of
the child awarded to her.

At the time of the divorce, the appellant,
then eighteen years of age, had no employ-
ment, income or means, or facilities for
caring for the child, and no home for her,
and did not contest the awarding of the
child to the father. On January 15, 1950,
she married Thomas William Jenkins, and
has been living with said husband from that
time to the present.

In December, 1950, respondent was in-
ducted into the United States army, and
the child was left in the care of respond-
ent's father and mother.

The husband of the appellant is steadily
employed, and earns in excess of $200 per
month, after taxes and other deductions.
Appellant and her husband have a modern
home at Inkom, Idaho. There is nothing
in the record to show that the mother is
not a competent, fit and proper person to
have the custody of the child, and the court
in its decision modifying the original de-
cree hereinafter referred to, did not find,
and the record does not disclose, any legal
reason which should bar the mother's

custody. Her character was not attacked in any way. She was apparently living a normal and respectable life. There was no evidence tending to prove that her home was not a fit and proper place for the raising and care of children, or that the said child would not be carefully reared and well provided for if awarded to her.

The husband of the appellant testified that he and the appellant were living harmoniously together, and "getting along fine"; that he was desirous and willing to help with the care of the child in controversy, the same as if it were his own child. There is nothing to show that the appellant's husband is not industrious, frugal and of good moral character, and no testimony in anywise attacking the character of appellant or her present husband was offered.

At the time of the hearing for modification, appellant was nineteen years of age, respondent twenty-two years.

The trial court modified the original decree and by an order dated March 27, 1951, awarded the custody, care and control of the minor to the respondent (father) subject to the right of the appellant to have the care, control and custody of said child one calendar week each month and on Saturday and Sunday each week, the appellant to return the child to the home of its grandparents on Sunday evenings. From this order appellant appealed.

Laws and rules with respect to the custody of minor children of divorced or separated parties have been the subject of many and frequent decisions. The questions presented for decision are not new in Idaho, and an extensive review of cases from this or other jurisdictions would unnecessarily prolong this opinion.

In determining the custody of a minor child, the child's welfare and best interests are the primary, paramount and controlling considerations by which the courts should be guided. Krieger v. Krieger, 59 Idaho 301, 81 P.2d 1081; Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000; Maudlin v. Maudlin, 68 Idaho 64, 65, 188 P.2d 323; Wilkinson v. Wilkinson, Cal.App., 233 P.2d 639; Cooper v. Cooper, Wash., 234 P.2d 492.

A young child, particularly a girl, needs the sympathy, affection, consideration and the tender care which only a mother can give, and courts will not deprive mother of custody of her child unless it is shown clearly that she is so unfit a person as to endanger child's welfare. Kirkpatrick v. Kirkpatrick, 52 Idaho 27, 10 P.2d 1057; Ruthruff v. Ruthruff, 52 Idaho 330, 14 P.2d 958; Cornelison v. Cornelison, 53 Idaho 266, 23 P.2d 252; Krieger v. Krieger, supra; Brashear v. Brashear, Idaho, 228 P.2d 243; In re Casad's Guardianship, Cal.App., 234 P.2d 647.

From the time the child was awarded to the respondent, she was cared for by the grandparents, and at the time of respondent's induction, he was living with them.

While divided custody of a child or children has been in numerous decisions approved, the conditions permitting such divided custody rested on the peculiar circumstances surrounding the situation, and courts should avoid, when possible, a division of the control of a child between the parents, because it is hardly possible for a child to grow up and live a normal, happy life under such circumstances. Larson v. Larson, 176 Minn. 490, 223 N.W. 789; Campbell v. Campbell, 96 N.J.Eq. 398, 130 A. 361; Brock v. Brock, 123 Wash. 450, 212 P. 550; Towles v. Towles, 176 Ky. 225, 195 S.W. 437; McCann v. McCann, 167 Md. 167, 173 A. 7; Martin v. Martin, Tex. Civ.App. 132 S.W.2d 426; Grow v. Grow, 270 Ky. 571, 110 S.W.2d 275; 27 C.J.S., Divorce, § 308, p. 1169.

The mother has a suitable place and surroundings in which to care for the child. The father on the other hand, at the present time cannot, because of the circumstances which exist, personally care for the daughter.

Both parties are shown by the record to be fit and proper persons to have the custody of the child, but material advantages presented are with the mother, and the custody of the child shared by the mother, the father, and the grandparents is not conducive to the best interest and welfare of the minor.

The continual turmoil of shifting the child from one custody to another fifty-two times a year could only lead to confusion, and the child could never have any sense of permanency so necessary to a child's peace of mind.

In the trial court application was made for costs and attorney fees for the prosecution of this appeal. The trial court denied the motion. From this order appellant did not appeal. Hence it is not before us for review.

A motion was made in this court for attorney fees and costs, and affidavits in support of the motion and affidavits in opposition were filed. One of the objections urged to the allowance is that the divorce proceedings are not still pending.

A divorce action is still pending within the meaning of the statute when the motion is made to modify the decree respecting the care and custody of children, and the court has authority to allow wife's attorney fees in the contest. Roby v. Roby, 9 Idaho 371, 74 P. 957, 3 Ann.Cas. 50; Galbraith v. Galbraith, 38 Idaho 15, 219 P. 1059; Gifford v. Gifford, 50 Idaho 517, 297 P. 1100; McHan v. McHan, 59 Idaho 41, 80 P.2d 29.

Attorney fees and costs may be allowed on original application in this court when it is necessary to complete exercise of the appellate jurisdiction, and considerations of justice and public policy demand an opportunity for the wife to be represented. Enders v. Enders, 34 Idaho 381, 201 P. 714, 18 A.L.R. 1492.

24

In the present case the facts relative to the financial condition of the parties and the appellant's need are undisputed. The respondent while in the military forces of the United States has a present pay allowance of $75 a month, with other allowances, making the income in excess of $100 a month. He is also furnished board and lodging. By an affidavit he deposed that he had rented property bringing in $20 a month, and a savings account in excess of $100.

Appellant has no money, property or means to perfect her rights in the premises.

Further it is the duty of a father, when able, to support his dependent child, and a dispute or difficulty between the mother and the father relative to the custody does not relieve the father of this responsibility, and the chlid's right to reasonable support cannot be limited or abridged by action of the parents. Sec. 32–1003 I.C. and State v. Beslin, 19 Idaho 185, 112 P. 1053.

We therefore conclude that it was an abuse of discretion not to award the child to the mother, appellant here, and require the child's father, respondent, to pay a reasonable sum for its support and maintenance the amount of which should be fixed and payment enforced by the trial court.

The order appealed from is therefore reversed with instructions to the trial court to enter an order modifying the original decree as modified, and award the custody of the child in controversy to appellant, giving the father the right of visitation at reasonable times and places and to require the respondent to pay the appellant a sum monthly to be fixed by the court for the maintenance of the child, subject to further orders as changed conditions may warrant.

On appellant's motion here for attorney fees it is ordered that the respondent pay the appellant the sum of $100 within forty days after the filing of this opinion. Appellant is awarded the costs of the trial in the district court to be there settled. Costs on appeal awarded to appellant.

GIVENS, C. J., and PORTER, TAYLOR and THOMAS, JJ., concur.