288 P.2d 645

**Dallas PETERSON, Plaintiff-Appellant,**

**v.**

**Austine PETERSON, Defendant-Respondent.**

**No. 8285.**

Supreme Court of Idaho.

Oct. 4, 1955.

Merrill & Merrill, Pocatello, Cox, Ware & Stellmon, Lewiston, for appellant.

Robert M. Kerr, Jr., Blackfoot, for respondent.

KEETON, Justice.

The parties to this proceeding were married September 16, 1938. Two children, a boy named Chris, now of the age of eleven years, and a girl, Peggy Anne, now of the age of eight years, were born the issue of the marriage. The parties thereafter separated and plaintiff, appellant here, on July 18, 1950 was granted a divorce by default on the ground of extreme cruelty. By the terms of the decree the children were awarded to his custody, subject to the right of defendant, respondent here, to see and visit the children at reasonable times and places.

The parties will be hereinafter referred to as they appear in the proceedings in the district court.

Defendant, on September 30, 1950, married Don Prophet. Plaintiff remarried August 21, 1951, and his present home is Clarkston, Washington. Subsequent to plaintiff's marriage the children have lived in the home of plaintiff and his present wife, and have been cared for by them.

The actions of defendant which were alleged to have caused plaintiff grievous mental suffering are in part as follows:

"that defendant has, on numerous occasions, been absent from their mutual home at unreasonable hours and times and while so doing has consorted with other men; that by reason of defendant's association with divers male companions and by reason of the late and unreasonable hours and continual absence from their mutual home, defendant has neglected the children of said marriage, has neglected their mutual home, and is therefore unable and refuses to carry out in proper manner her marital duties and responsibilities; * * *"

The findings are general. In the decree the court found that from the evidence it satisfactorily appears that all the material allegations of plaintiff's complaint are proved by competent evidence, free from exceptions or objection.

On May 6, 1952 defendant filed a petition alleging a change in conditions and praying for vacation and modification of the decree relative to the custody of the children; claimed that their custody was obtained by plaintiff by deceit and that certain promises made by him to her prior to the granting of the decree had not been kept. Further that plaintiff had not permitted her to visit the children at reasonable times and places as permitted by the decree; that the children had been taken beyond the jurisdiction of the court, and asked that the decree be modified and the children's custody awarded to her.

In response to a show cause order plaintiff appeared, specifically denied the material allegations of defendant's petition, and in an affirmative defense alleged that there was no sufficient change in conditions, if any, to warrant a modification, and that the best interests and welfare of the children would be promoted and protected by leaving their custody as originally decreed. Trial was had and thereafter, on November 9, 1954, the court made an order modifying the decree, by the terms of which order the custody was divided, and plaintiff was given the care and custody of the children at all times from September 1 to May 31 of each year, and defendant the custody during the months of June, July and August of each year. From this order modifying the original decree plaintiff appealed.

In assignments of error plaintiff challenges numerous findings of fact as not supported by the evidence or in conflict therewith; complains of the admission of certain evidence and the rejection of other evidence; challenges the conclusion made by the trial judge that a divided custody is for the best interest and welfare of the children. We shall not discuss such assignments separately, but shall group for discussion those pertinent to a decision.

Nor shall we review the evidence in detail. To do so would serve no useful purpose. The transcript of evidence, consisting of 536 pages, has been carefully read and examined, and all contentions made have been considered and are fully understood.

It sufficiently appears that prior to the divorce, defendant, without any sufficient cause or reason, neglected her home, husband and children; that for a long period of time prior to the divorce, she had no love for her husband and subjected him to the grossest indignities that no man or person could be expected to condone or placidly endure. The court found that such actions so proved were indiscretions.

We think the record conclusively establishes that her actions involved much more. Among other things, while married to plaintiff, she told him she wanted to marry another man, naming him, and that she had been stepping out with male companions. She attempted in this proceeding to explain this statement and testified that it was made for the purpose of inducing him to get a divorce. We think the truth of such state-

ments made by her has, in this proceeding, been proved; that she had stepped out, as she phrased it; that her conduct, so admitted by her, is a fact and such fact was well known in the community in which the parties lived and resulted in much gossip in the neighborhood among their friends and acquaintances.

It is contended by defendant that plaintiff did not permit her to see the children at reasonable times and places as authorized by the decree; that the distance between the homes of the parties made visitation impracticable; that the children need the affection of a mother; that she, if reformation was necessary, has reformed; that she has remarried, has a good home, and now desires custody of the children, and because of such facts there has been a change in conditions sufficient to authorize a modification of the original decree.

For approximately two years or more prior to the time the divorce was granted defendant had importuned and suggested to plaintiff that he secure a divorce; that she was willing that he have the custody of the children, and by inference and otherwise indicated she did not want them.

The defendant testified that the misunderstandings and conditions which ultimately resulted in a divorce were the fault of plaintiff. Such alleged misconduct of plaintiff so asserted by her and about which she now complains is of the most trivial character, and has been by her magnified out of all proportions to its importance and the true situation. There is nothing in the record that would indicate that the plaintiff, during the marriage, mistreated or neglected defendant in any manner or at any time, and it appears that prior to the time of the divorce he had attempted and made repeated efforts to secure a reconciliation and induce her to return home and care for the children in a proper manner. Among other things, she complained that he spent too much time in community and church work and was so engrossed in his business and making money that he neglected his home. A conclusion reasonably to be drawn from the evidence is that such conduct and actions, about which defendant now complains, were more to be commended than condemned.

█ The finding of fact made by the trial court that plaintiff was not entirely free from fault in regard to the disputes and misunderstandings which existed prior to the divorce, and that he neglected, to some extent at least, his wife and home, is not supported by the evidence, and in fact is contrary thereto.

It further appears that plaintiff is well educated, is an instructor and teacher by occupation; that during a part of the time he was married to defendant he engaged in farming; that he is an industrious, frugal, home loving, temperate person. For sometime prior to the divorce, and at all times since, the children have been cared for by plaintiff and his relatives.

■ The testimony without dispute proves conclusively that the home life of the father and his present wife is harmonious and congenial and that each loves and tenderly cares for the children.

It also sufficiently appears that the children, while in the custody of plaintiff, have been and are being well and properly cared for, trained, loved and respected; that their physical needs and wants are being supplied; that education and religious training are being given them; that they are happy in their present home and environment.

■ Some contention is made that after the divorce was granted plaintiff took the children with him to California, thereafter to Palouse and Clarkston, Washington, and that he failed to notify defendant where the children were so that she could visit them as specified in the decree. The decree of divorce contains no prohibition as to where the domicile of plaintiff and children should be. Testimony discloses that the change of residence from Idaho to Clarkston, Washington, or other places, was in furtherance of plaintiff's business and was not made for the purpose of removing the children beyond the jurisdiction of the court.

We think the rules that determine the issues are well known and established and an extensive review of authorities would only reassert and reemphasize the rules of law applicable to the situation and would add nothing to what has many times been said in former decisions of this and other Courts.

■ The welfare and best interests of a child are the primary, paramount and controlling considerations by which courts should be guided in determining the custody of a minor child. Richardson v. Richardson, 72 Idaho 19, 236 P.2d 718; Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323; Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000; Kirkpatrick v. Kirkpatrick, 52 Idaho 27, 10 P.2d 1057; Ruthruff v. Ruthruff, 52 Idaho 330, 14 P.2d 958; Johnson v. Johnson, 72 Cal.App.2d 721, 165 P.2d 552; Leverich v. Leverich, 175 Or. 174, 152 P.2d 303.

■ To justify a substantial modification of a decree formerly entered there must be a change of circumstances and conditions, and a showing that by reason of such change a modification of the decree will be in the child's best interest. 27 C.J.S., Divorce, § 317, p. 1188; Wells v. Wells-Crawford, 120 Or. 557, 251 P. 263, 907; Newman v. Newman, 109 Cal.App.2d 359, 240 P.2d 682.

■ A showing that petitioner has remarried and has a home is not in itself sufficient to warrant a modification of a decree as to custody. Leverich v. Leverich, 175 Or. 174, 152 P.2d 303.

■ The children have for the past five years been in the custody of the father. To take them from their present home where they are well cared for and have

become accustomed to living and deliver them to the custody of the mother for three months each year, disrupting their way of living in their formative years, would, under the circumstances, not be conducive to the welfare and best interests of the children. They would have no sense of permanency and it would hardly be possible for them to live normal, happy lives. Divided custody is not to be encouraged. Richardson v. Richardson, 72 Idaho 19, 236 P.2d 718; Kirkpatrick v. Kirkpatrick, 52 Idaho 27, 10 P.2d 1057.

Contention is made that plaintiff alienated the affections of the children from defendant. Such contention is not sustained by the evidence.

During some visits of defendant to see the children there was much unpleasantness. She appeared at the home of plaintiff at unreasonable times demanding visitations. At other times she appeared with policemen or officers, and on one occasion she insulted plaintiff's present wife.

Any parent, subject to exceptions presenting extraordinary circumstances not applicable here, should have the right to see his or her child or children at reasonable times and places. Under the facts presented we do not consider the home of plaintiff a reasonable place. Such visits, or attempted visits, have in the past led to much confusion and have disrupted the home life of plaintiff and his present wife, and could not have, under the circumstances presented, added to the welfare of the children involved.

 Hence we feel that the visitations authorized by the decree should not include the home of plaintiff. If the parties cannot agree on times and places for such visitations other than the home of plaintiff, the trial court should, on proper application, define the term "reasonable times and places". We are unable to conclude that change of custody as ordered by the trial judge is conducive to the welfare or happiness of the children, and are of the opinion the converse is true. The modification order is reversed and the original decree reinstated.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.