291 P.2d 1113

**Mescal WILSON, Plaintiff-Appellant,**

**v.**

**Rodney WILSON, Defendant-Respondent.**

No. 8247.

Supreme Court of Idaho.

Dec. 28, 1955.

J. W. Taylor, Buhl, for respondent.

TAYLOR, Chief Justice.

The parties were married September 24, 1948. At the time plaintiff (appellant) was sixteen years of age and defendant (respondent) was seventeen years of age. Two children were born to the parties; a girl, Rhonda K., and a boy, Dennis. At the time of the trial they were five and nearly two years old, respectively. Plaintiff filed action for divorce, alleging cruelty. In addition to his answer the defendant filed a cross-complaint seeking a divorce, also on the ground of cruelty. Both parties sought custody of the children.

After hearing the evidence the trial court found plaintiff had not established cruelty and granted a divorce on the cross-complaint of the defendant. The court found that both parties were fit for custody of the children and awarded the custody of the daughter, Rhonda, to the defendant, and

———◆———

Rayborn, Rayborn & Kramer, Twin Falls, for appellant.

the custody of the boy, Dennis, to the plaintiff, and ordered defendant to pay plaintiff $25 per month for his support.

Appellant assigns as error the findings of the court to the effect that her charge of cruelty is not sustained by the evidence. In support of this assignment, appellant points to testimony given by her father to the effect that the parties lived at the home of appellant's parents at various times during their marital relationship; that her parents helped the parties financially and in other ways; loaned them two cows in the spring of 1953, which the defendant did not return, but sold instead. The witness, Snowre Eriksen, a neighbor, testified she attended a birthday party which appellant gave for the older child, and that defendant was not present and did not come home up to the time she left the party at eleven o'clock. Appellant also points to the testimony of her mother, Vivian Cantrell, to the effect that during the past year appellant had been nervous and mentally upset, under a mental strain; that she had been in bed and that she, the grandmother, took care of the children during the time of the mother's illness. Plaintiff also directs attention to "Plaintiff's Exhibits 1, 2 and 3." We find no plaintiff's exhibits so marked, but assume plaintiff's Exhibits A, B and C are referred to. A and B are bank checks drawn by the defendant, payable to his father, in the sums of $389.15 and $700, respectively, given and cashed in October and November, 1952. Exhibit C is a bill of sale given by defendant to his father January 12, 1953, purporting to transfer a Ford car, various items of farm equipment, and household goods consisting of a washer, electric stove, and an oil stove.

Lastly appellant points to the testimony of respondent to the effect that after the parties had separated and divorce was pending, he had been told by two male acquaintances that they had dated or been out with his wife.

Explanatory of these matters, the record shows that the parties, immature when married, had been in tight financial circumstances during the period of their marriage. The parents of each have helped them and, although defendant has been industrious and willing to work, he has not always been able to support his family, and has been in debt to his father in an amount above two thousand dollars most of that time. In the light of these facts, the evidence relied on by appellant would not support a divorce on the ground of extreme cruelty.

Appellant does not assign as error the findings of the trial court sustaining the conclusion that respondent was entitled to a divorce from plaintiff on the ground of her cruelty.

Bearing upon the issue of the custody of the older child awarded to respondent, the trial court found:

"3. That the defendant was immature at the time of the marriage, but

at that time and ever since has been and now is a good conscientious worker, industrious, and has kept himself employed at all times and has supported and maintained his wife and children to the best of his ability during the marraige. That since the birth of the two minor children, Rhonda K. Wilson, and Dennis Wilson, the defendant has assisted the plaintiff in taking care of said minor children, has been kind to them and has taken care of them himself at times when the plaintiff was away or left the children, and that he loves both of the children and the children return his care and affection; that defendant is not addicted to the use of intoxicating liquor, and that he is a fit and proper person to have the custody of the minor children.

\*    \*    \*    \*    \*    \*

"5. That plaintiff has a quick ungovernable temper which at times makes her unreasonable to all persons surrounding her, including the defendant, and at such times she refuses to speak to the defendant for a considerable period of time; that she has been dissatisfied a great deal of her married life with the work and employment of the defendant and the amount of income that he has earned and has caused him to quit his employment and hunt other employment at times, and by such action has materially reduced the earning capacity of the defendant to make a living for his children and the plaintiff. That the defendant has not mistreated the plaintiff or the children and has conducted himself toward the plaintiff and the children as a father should, and has given the plaintiff no cause for her unreasonable treatment of him. That the plaintiff's treatment of the defendant and the minor children has been unreasonable by her becoming irritated with the defendant and his work and requiring him to give up farming and engage in other work at times and then abandoning him and the children without any provocation or cause. That the treatment of the plaintiff has had the effect upon the defendant to cause him to worry considerably about the welfare of his children and the plaintiff."

The court also found that the appellant had, without justification, denied respondent the right to visit the children during the time they were in her custody pending the divorce.

▓▓ Other things being equal, the law favors the mother as custodian of a child of tender years, and particularly of a girl. Krieger v. Krieger, 59 Idaho 301, at page 307, 81 P.2d 1081; Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243. It is also the rule that divided custody is not considered to be in the best interests of the children. Brashear v. Brashear, supra; Richardson

v. Richardson, 72 Idaho 19, 236 P.2d 718; Peterson v. Peterson, 77 Idaho 89, 288 P. 2d 645.

It is also established that the question of custody is, in the first instance, committed to the discretion of the trial court, and this court will not interfere with its determination of the issue in the absence of an abuse of that discretion. Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617; Brashear v. Brashear, supra.

The trial court's award of custody of the girl to the father in this case is based to an extent upon the attitude of the appellant as shown by her refusal to permit reasonable visitation by the respondent during the time she had custody of both children. It reasonably appeared to the court that future serious friction detrimental to the children might be avoided by dividing the custody. The record justifies this apprehension on the part of the court.

Further in this connection the court found:

"8. That plaintiff has been and is residing with her parents, Charles and Vivian Cantrell, on a farm in Twin Falls County, near Buhl, in a suitable house and which property is owned by Mr. Cantrell. That the defendant is now living with his parents, Mr. and Mrs. M. D. Wilson, near Buhl, in Twin Falls County, at their farm residence, in a suitable house, and that both homes are within nine miles of each other. That both homes are suitable places in which to have the children of the parties maintained."

Having regard to these facts and the attitude of the parties, we are unable to say that the trial court abused its discretion in the matter of custody. The jurisdiction of the district court continues during the minority of the children as long as they are within the state, so that any change which may hereafter occur, affecting custody, may be reviewed and such orders entered as will promote the welfare of the children.

Appellant also assigns as error the allowance by the court of $25 per month for the support of the boy. Considering the circumstances of the parties and the age of the child, we are not inclined to hold that the court abused its discretion.

Appellant also assigns the failure of the court to allow her an attorney's fee for the trial of the case, or an attorney's fee on appeal. Upon her application, a temporary fee of $100 was allowed shortly after the complaint was filed. No further application was made to the trial court for the allowance of an attorney's fee either for the trial or appeal. Hence, no order was made and there is none here for review.

The decree is affirmed. No costs allowed.

PORTER, ANDERSON and SMITH, JJ., concur.

330

KEETON, Justice (dissenting in part).

In my opinion both children should be awarded to the custody of the mother (appellant) and the father (respondent) required to pay for their reasonable support.