362 P.2d 887

Gertrude L. MERRILL, Plaintiff-Appellant,

v.

Ephraim L. MERRILL, Defendant-Respondent.

No. 8962.

Supreme Court of Idaho.

June 8, 1961.

Lee & Bates, Rigby, for respondent.

Reginald R. Reeves (on appeal), Boyd R. Thomas (in district court), Idaho Falls, for appellant.

SMITH, Justice.

Appellant and respondent were married February 25, 1950. Two children were born as the issue of the marriage.

During May 1960 appellant instituted this action for divorce and for custody of the two minor children. Respondent, by his answer and cross-complaint, likewise sought a divorce and custody of the children.

At the trial the parties stipulated certain material facts, including, that appellant was a fit and proper person to have custody of the children should the court grant her a divorce, and that respondent would pay to appellant certain sums each month as child support; also that respondent should have reasonable child visitation rights.

The parties were unable to stipulate certain definitive aspects of the visitation rights. Appellant, however, was aware of respondent's position that appellant with the children could move away from the near vicinity of Idaho Falls, and thereby in effect deny to respondent reasonable rights of visitation, because, in order to retain his job, he must live in Idaho Falls. Appellant also understood respondent's further position that he desired the children to visit him during portions of the summer months of school vacations. The court, in reserving this phase of the case for decision, remarked that appellant "could make it imposssible for this man [respondent] to see these children by moving to North Idaho and * * * by moving clear over by the Oregon border * * where the court still has jurisdiction."

Respondent then withdrew his answer and cross-complaint and refused to put on any proof; thereupon the court made the following comment for the record in the presence of counsel for both parties, neither of whom voiced objections:

"The Court: May the record show that the defendant has withdrawn his cross-complaint and his answer, and has refused to be present at the trial of this case, and consents that the case may be heard at this time without any further notice."

Appellant thereupon submitted her proof. The court, by its decree which followed, entered August 11, 1960, awarded the custody of the children to appellant subject

to reasonable rights of visitation by respondent; provided, if appellant should establish a residence outside of a 75-mile radius of Idaho Falls,—the established residence of respondent,—so as to render it impractical for him to exercise his reasonable rights of visitation, that then respondent should have the custody of the children for a two-month period during summer school vacations.

A short time after entry of the decree appellant's counsel in the district court withdrew.

Appellant through her substituted counsel appealed from the decree, "except so much thereof as dissolves the bonds of matrimony * * * and awards the sole care, custody, and education of the minor children of the parties to the plaintiff, subject to reasonable rights of visitation of the defendant."

 Appellant assigns as error the trial court's failure "to find the facts specially and state separately its conclusions of law thereon and direct entry of the appropriate judgment."

The facts, as hereinbefore pointed out, show that respondent, upon withdrawing his answer and cross-complaint, "refused to be present at the trial of the case," and that thereupon the court considered the case to be "now a default case."

I.R.C.P., Rule 52(a), which admonishes the trial court to "find the facts especially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment," is almost identical to Fed.Rules Civ.Proc. rule 52(a), 28 U.S. C.A. In Barron & Holtzoff, Federal Practice and Procedure, Rules Ed., Vol. 2, §. 1123, pp. 811–812, it is stated:

> "Findings, however, are not jurisdictional and the absence of findings may be disregarded by the appellate court if the record is so clear that the court does not need their aid."

See also Steccone v. Morse-Starrett Products Co., 9 Cir., 191 F.2d 197; Morris v. Williams, 8 Cir., 149 F.2d 703; Hurwitz v. Hurwitz, 78 U.S.App.D.C. 66, 136 F.2d 796, 148 A.L.R. 226; Westley v. Southern Ry. Co., 4 Cir., 250 F.2d 188, rehearing denied 252 F.2d 79.

The purpose of requiring findings of fact and conclusions of law is to aid the appellate court by affording it a clear understanding of the basis of the decision of the trial court. Barron & Holtzoff, Federal Practice and Procedure, Rules Ed., Vol. 2, § 1121, p. 809; Skelly Oil Co. v. Holloway, 8 Cir., 171 F.2d 670. Findings must be based upon something more than a one-sided presentation of the evidence. Barron & Holtzoff, Federal Practice and Procedure, Rules Ed., Vol. 2, § 1126, p. 822; Sims v. Greene, 3 Cir., 161 F.2d 87.

The absence of findings may be disregarded by the appellate court if the rec-

ord is so clear that the court does not need their aid for a complete understanding of the issues. Graham v. United States, 9 Cir., 243 F.2d 919; United States v. Pendergrast, 4 Cir., 241 F.2d 687; Asch v. Housing & Redevelopment Authority of St. Paul, 256 Minn. 146, 97 N.W.2d 656. This rule is applicable herein, in view of the clarity of the record. Appellant's assignment in the premises is without merit.

■ Appellant assigns error of the trial court in restricting her "to a choice of residence within a geographical area of not more than 75 miles from the residence of defendant [Idaho Falls] upon penalty of being deprived of the custody of the minor children."

I.C. § 32–705 provides:

"In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

In construing such statute this Court has consistently adhered to the rule that "the question as to the disposition of children * * * is in the first instance committed to the discretion of the trial court, and unless such discretion is abused, the judgment will not be disturbed." Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000, 1004; Fish v. Fish, 67 Idaho 78, 170 P.2d 802.

While divided custody of children should not be encouraged, Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645; Wilson v. Wilson, 77 Idaho 325, 291 P.2d 1113, 1115; Application of Anderson, 79 Idaho 68, 310 P.2d 783, nevertheless an award of divided custody is not an abuse of discretion where justifying circumstances appear. In Wilson v. Wilson, supra, an award of divided custody was considered not an abuse of discretion where "it reasonably appeared to the court that future serious friction detrimental to the children might be avoided by dividing the custody. The record justifies this apprehension on the part of the court."

The record herein shows that after appellant put in her testimony the trial judge, while he was opposed to divided custody, indicated his view, that since appellant planned to remove some distance from Idaho Falls, the court intended to divide the custody of the children. The record also indicates that the court must have entertained apprehension of estrangement of the children from their father, respondent, because the trial judge warned appellant, "you shall absolutely not do anything to poison their [the children's] minds against the defendant." He also warned against visitation by either party "while they're using intoxicating liquor or beer." He also entertained apprehension of appellant's ability to care for the children should she move away from Idaho

Falls, for he stated: "Mrs. Merrill, it's going to be hard to support these children, and work, and take care of them and make a good home for them. And probably you should be very careful before you move away. If you stay in Idaho Falls, I will not make the Summer custody in the defendant * * *, if your planning to move away from Idaho Falls as you say, why the Summer custody will be in the decree."

The welfare and best interests of minor children are matters of paramount importance to be considered by the court in determining their custody. Emerson v. Quinn, 79 Idaho 358, 317 P.2d 344; Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91; Empey v. Empey, 78 Idaho 25, 296 P.2d 1028; Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645; Application of Altmiller, 76 Idaho 521, 285 P.2d 1064; Jeppson v. Jeppson, 75 Idaho 219, 270 P.2d 437; Clemens v. Kinsley, 72 Idaho 251, 239 P. 2d 266; Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243.

Under the circumstances we are constrained to the view that the trial court did not abuse its discretion in granting divided custody of the children. Wilson v. Wilson, 77 Idaho 325, 291 P.2d 1113.

■ Appellant assigns as error the portion of the judgment of the trial court awarding "only $200.00 for plaintiff's attorney's fees for the trial phase of this case."

Appellant in the trial phase of this case was represented by an attorney other than appellant's present counsel. After entry of the final decree appellant's former counsel withdrew from the case, and thereafter appellant's present counsel perfected the appeal. Appellant has no grounds to complain inasmuch as her former attorney, who performed the services through the trial phase of the case, is not here complaining; and under the circumstances appellant could complain in the premises only on behalf of her former counsel. We therefore hold that appellant's said assignment lacks merit.

■ Appellant assigns error of the trial court in "allowing plaintiff only $50 for her attorney's fee on appeal * * * to be paid at the convenience of the defendant."

A minute entry shows that the trial court made this allowance, together with a sum for costs, on the day appellant's present counsel filed the notice of appeal.

The record does not indicate that the sum so allowed as attorney's fee on appeal constituted a limitation of the amount which the trial court may allow. Such phase of the case did not become final inasmuch as the divorce action was still pending because of the pending question of child custody, I.C. § 32–705. Considerations of justice and public policy demand an opportunity for appellant, mother-

of the children, to be represented. Richardson v. Richardson, 72 Idaho 19, 236 P.2d 718. The trial court has the authority to allow appellant attorney's fees in the contest upon a reasonable basis. Richardson v. Richardson, supra. The matter of fixing a balance of attorney's fee, in addition to the sum of $50, heretofore allowed, rests in the discretion of the trial court.

Respondent, by motion supported by affidavit, seeks dismissal of appellant's appeal on the ground that appellant voluntarily accepted the benefits of the decree from which she appealed by acceptance of moneys and properties awarded her thereunder.

Appellant in her assignments of error has not touched upon the property aspects of the decree. Her main contention, supported by assignments, relates to the welfare of the children, in that she questions the wisdom of the court's decree of divided custody. Hence this ground of dismissal of the appeal is without merit.

Respondent also seeks dismissal of the appeal on the further ground, set forth in his motion, that he and appellant "have remarried by a mutual assumption of the marital rights, duties and obligations," whereas in his affidavit in support of the motion, respondent alleges that he and appellant "have reached a reconciliation touching their marital relations." We deem the motion to dismiss on the asserted ground of remarriage of the parties to be insufficient, particularly in the light of the supporting affidavit, which rests in uncertainty and conjecture. Moreover, appellant, by her affidavit in opposition to respondent's motion to dismiss on such ground, disaffirms any such marriage. Under the circumstances the matter presents issues of fact which must be decided, if at all, by further proceedings in the trial court.

Respondent's motion to dismiss the appeal is denied.

The judgment and decree of the district court is affirmed; the cause is remanded, however, with instructions to the trial court to fix and award, in addition to the sum heretofore awarded to appellant for attorney's fee, such fee to appellant, and to her attorney for his services on this appeal, as the court shall deem reasonable.

The trial court having awarded to appellant a sum requisite to pay her costs on this appeal, no further costs are awarded.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.