382 P.2d 784

**Harold F. LARKIN, Plaintiff-Respondent,**

**v.**

**Margaret S. LARKIN, Defendant-Appellant.**

**No. 9245.**

Supreme Court of Idaho.

June 11, 1963.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for appellant.

612

A. A. Merrill, Idaho Falls, for respondent.

SMITH, Justice.

This is an appeal from a decree denying appellant's motion for modification of a divorce decree as regards child custody; defining appellant's rights of child visitation, and awarding appellant travel expense during periods of child visitation.

Appellant and respondent were married December 25, 1949. The custody of four children, issue of the marriage, whose present ages range from approximately seven to eleven years, is involved in this proceeding. Respondent father, by the decree of divorce entered October 6, 1960, by the district court in and for Bonneville County, was awarded the custody of the children and appellant was granted rights of visitation at reasonable times and places.

Appellant and respondent for several years after their marriage lived in Schenectady, New York, where respondent had employment as an engineer with General Electric Company. During late 1959 or early 1960 the parties experienced domestic trouble, with divorce in contemplation. Appellant thereupon moved to New York City. The children remained with respondent, attending school in Schenectady.

During June, 1960, respondent was transferred by his employer to an engineering position at the National Reactor Testing Site near Idaho Falls, Idaho. He moved to Idaho Falls about July 6, 1960, bringing the children with him, where he and the children have since resided.

Sometime after respondent obtained the divorce, he and his present wife, Carol Larkin, were married. During July, 1962, as of the time of the hearing on the motion to modify, one child had been born as the issue of respondent's second marriage. Respondent was still employed by General Electric Company at the Reactor Site as an engineer at an annual salary of some $13,000. He is purchasing a home in a good residential area in Idaho Falls. He and his second wife, and the five children, live together as one family in good environment. All the children are well cared for and healthy.

After the divorce appellant obtained professional employment in singing and musical work, obtaining a contract as a recording artist with Columbia Record Company, and additionally she performed musical research work for several companies. She estimates her earnings in 1962 will approximate $7,000. She goes by the name of Margaret Welles. She testified that she lives in a good residential area in Saltaire, near New York City.

Following the hearing on the motion to modify the decree the trial court found that it is to the best welfare of the children that they remain with respondent, their father; that they should be kept together

and their custody not disturbed; that they are healthy, are being educated, and are properly cared for and trained; also that respondent's situation has materially improved as regards the rearing of the children.

The trial court thereupon entered its judgment and decree denying appellant's motion for modification of the divorce decree, thus leaving undisturbed the original provision of the decree that respondent father have the custody of the children; and decreeing in effect that appellant have the custody of the children two weeks each year in Idaho Falls during school vacation; that respondent pay appellant $250 each year for her travel expense in coming to Idaho to visit the children, and that appellant have attorney's fees.

Appellant perfected an appeal from such judgment and decree.

Appellant assigns error of the trial court in finding that it is to the best interests of the children that they remain with respondent, and in failing to order that appellant have their custody. Appellant contends that there has been such a substantial, material and permanent change in circumstances and conditions, that such a change of custody would be for the best interests of the children.

■ In a divorce action the awarding of custody of a child rests in the sound discretion of the trial court in the first instance, as well as upon modification of an existent decree, and a decree awarding custody will be upheld in the absence of an abuse of discretion. I.C. § 32–705; Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94; Hay v. Hay, 40 Idaho 159, 232 P. 895; Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000; Fish v. Fish, 67 Idaho 78, 170 P.2d 802; Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91.

■ In a divorce action an abuse of discretion occurs when the evidence is insufficient to support a finding that the interests and welfare of the child will be best served by changing the custody of the child. I.C. § 32–705; Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323; Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617; Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243; Rogich v. Rogich, supra; Merrill v. Merrill, 83 Idaho 306, 362 P.2d 887; Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788.

■ In determining which of the parties to a divorce action should have the custody of a minor child, the paramount consideration by which the court must be guided is the welfare and best interests of the child. Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91, and authorities therein cited; Soderburg v. Soderburg, 78 Idaho 177, 299 P.2d 479; Stevens v. Davis, 78 Idaho 331, 303 P.2d 240; Emerson v. Quinn, 79 Idaho

358, 317 P.2d 344; Merrill v. Merrill, 83 Idaho 306, 362 P.2d 887; Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788. The personal desires of the parent, and even the wishes of a minor child, must yield to the determination of what is best for the child's ultimate good. Olson v. Olson, 47 Idaho 374, 276 P. 34; Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323; Rogich v. Rogich, supra.

■ If a minor child's divorced father is better fitted than the mother to care for and educate the child, an award of custody to the father will be upheld. Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91; Brown v. Brown, 82 Idaho 308, 353 P.2d 393; Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788.

■ The party seeking modification of a divorce decree has the burden of proof as regards change of conditions and circumstances of the parties. Simpson v. Simpson, 51 Idaho 99, 4 P.2d 345; McRoberts v. McRoberts, 80 Idaho 511, 335 P.2d 342.

Appellant's contention, that the court erred in failing to decree a change in custody of the minor children from respondent father to appellant mother, requires a review of the evidence in order to determine whether appellant proved such changed conditions and circumstances that the best interests and welfare of the minor children required the trial court to exercise its discretionary powers, thereby to modify the original decree.

■ The record discloses that respondent father is taking good care of his family; he is providing them with an adequate home in a good residential area and in excellent environment. The children are alert, healthy, loved and well trained. Respondent is providing for their education. The present Mrs. Larkin is a devoted mother and homemaker not only to her own child but to the minor children involved in this proceeding.

The record shows that respondent earns an excellent salary and is stable in his employment. On the other hand, appellant has never remarried, and her position is not well established. She lives near New York City, far removed from the jurisdiction of the Idaho court, and the place of residence, the people and environment which the children now know and to which they have become attached.

In the light of all the circumstances shown by the evidence, we are of the opinion that the trial court in no wise abused its discretion in its refusal to modify the custody provision of the original decree; that the interests and welfare of the minor children will be best served by allowing them to remain with respondent father within the State of Idaho, and under the

**616**

supervision of respondent and his present wife.

■ Permission to take a minor child beyond the jurisdiction of th. court should only be granted where the best interests and welfare of the child clearly require it. Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000; Holden v. Holden, 63 Idaho 70, 116 P.2d 1003; Jeppson v. Jeppson, 75 Idaho 219, 270 P.2d 437.

■ Appellant assigns error of the trial court "in modifying the decree" so as to deprive her of the right to visit the children at reasonable times and places, "and defining the right of reasonable visitation to be only the right to have the children with her and away from the home of the respondent for a period of two weeks during the summer school vacation months."

The decree of divorce provides that appellant's child visitation rights shall be "at any and all reasonable times and places." The court in its memorandum decision resolving the present proceeding, after finding that appellant resides in Long Island, New York, where she must return to continue her employment, defined appellant's right to reasonable visitation as formerly decreed, in the following language: "Defendant's [appellant's] right to reasonable visitation as set out in the decree of divorce dated October 6, 1960, will be defined as per-

mitting her [appellant] the privilege of visiting with the children away from the premises of plaintiff [respondent] for two weeks, within the State of Idaho, and within the jurisdiction of this court, commencing during the school vacation in 1963." The court in its judgment and decree rendered in the present proceeding included therein a paragraph comparable to the foregoing, reading:

"That the defendant [appellant] may have the children with her, and away from the home of the plaintiff [respondent], two weeks during the school vacation of each year, starting during the summer school vacation of 1963, but said children cannot be taken out of the State of Idaho and the jurisdiction of this court, and at the end of said two weeks said children must be returned to plaintiff [respondent]."

Thus, the court in no way disturbed appellant's reasonable right of visitation at or in the near vicinity of respondent's home, i. e., "at any and all reasonable times and places." The court merely enlarged upon the previously decreed rights of visitation in granting to appellant two weeks visitation with the children, away from the home of respondent, provided that she does not remove the children from the State of Idaho and the jurisdiction of the district court. We find no merit in such assignment.

Appellant assigns error of the trial court in not allowing her extended rights of visitation with the children away from respondent's home; she contends that a period of two weeks is of insufficient duration to serve the welfare and best interests of the children. Appellant also asserts insufficiency of the evidence to show that removal from the State of Idaho and jurisdiction of the trial court would be contrary to the best interests and welfare of the children. We deem this subject matter to have been adequately dealt with in the previous discussion contained herein. In regard to the right decreed to appellant of the two weeks period of visitation with the children during summer vacations, away from respondent's home, suffice it to say that under the existing circumstances of the parties, we hold that the trial court did not abuse its discretion in the premises. Such assignments are not meritorious.

Lastly, appellant assigns error of the trial court in allowing her only $250.00 for travel expenses for the period of child visitation during each summer vacation; and assigns further error in that the trial court made no award to her for maintenance of the children while they are away from respondent's home. Again, we are constrained to the view that under the evidence and all the facts and circumstances shown in this proceeding, that the trial court did not abuse its discretion, and that therefore such assignments are lacking in merit.

Judgment and decree affirmed. No costs allowed.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.