394 P.2d 625

**Aletha E. NIELSEN, Plaintiff-Appellant,**

**v.**

**John R. NIELSEN, Defendant-Respondent.**

**No. 9434.**

Supreme Court of Idaho.

Aug. 3, 1964.

Paul B. Ennis and Thomas A. Miller, Boise, for appellant.

Gigray & Boyd, Caldwell, for respondent.

KNUDSON, Chief Justice.

Appellant Aletha E. Nielsen (plaintiff) and respondent John R. Nielsen (defendant) intermarried January 24, 1949. During the

marriage four daughters were born to them, and at the time this action was heard by the trial court (April 1963) said children were between ten and four years of age.

On November 7, 1962, appellant filed her complaint seeking a divorce upon the ground of extreme cruelty, together with custody of the children, child support, alimony and the community property. Respondent answered and as a cross-plaintiff prayed for a divorce upon the ground of extreme cruelty, custody of the children and an equitable distribution of the community property. On July 3, 1963, a judgment and decree was entered granting appellant a divorce, equal division of the community property, custody of the children and child maintenance, also alimony to be paid for one year.

One of appellant's principal contentions upon this appeal is that the trial court erred in providing for what appellant terms "divided custody" of the children. Under paragraph VI of the findings of fact it is stated that the court finds each of the parties to be a fit and proper person to be awarded the care, custody and control of the children; but also finds that their custody should be awarded to appellant subject to certain rights of respondent. Appellant assigns error to the following quoted portion of said paragraph VI, to-wit:

"* * * subject, however, to the right on the part of the defendant to visit with said children and to have said children visit with him at all reasonable times and places, including the right on the part of the defendant to have each child during her minority visit with him during the summer months of June, July and August of each year for at least sixty (60) days while said children are minors or unmarried."

Appellant contends that such finding and a like provision in the decree, is not warranted or supported by the evidence.

The argument presented by appellant in support of this claimed error is directed principally to the granting of sixty days' custody of the children to respondent. Appellant argues that respondent is more preoccupied with his work as a physician than the average father; that the children will be left to the care of employed help or to respondent's present wife; that although the record is silent as to the children's reaction to respondent's remarriage it would be only natural for the children to resent his present wife; that two months out of each year is too long for these children to be away from their mother.

In considering this contention it should be kept in mind the record discloses that a very devoted and affectionate relationship exists between respondent and his children and that the court very properly found he was a fit and proper person to be

awarded custody of the children. It must be conceded that the parental relationship of a devoted father should be preserved, not destroyed, if such can be done without otherwise unduly disturbing the children involved. If the trial court entertained some apprehension of estrangement of the children from their father and by such provision in the decree sought to avoid such happening, it can not be considered as an abuse of discretion. The argument presented by appellant is based for the most part on happenings which may or may not come to pass.

It is not unusual for the courts of Idaho to grant one parent the right to have child custody for one or two months during the year while the other parent is given custody for the remaining months of the year, Larkin v. Larkin, 85 Idaho 610, 382 P.2d 784; Merrill v. Merrill, 83 Idaho 306, 362 P.2d 887; Smith v. Smith, 67 Idaho 349, 180 P.2d 853; Tobler v. Tobler, 78 Idaho 218, 299 P.2d 490, where the welfare and best interest of the child require this. In Merrill v. Merrill, supra, this court noted that.

"* * * While divided custody of children should not be encouraged, Peterson v. Peterson, 77 Idaho 89, 288 P.2d 645; Wilson v. Wilson, 77 Idaho 325, 291 P.2d 1113; 1115; Application of Anderson, 79 Idaho 68, 310 P.2d 783,

nevertheless an award of divided custody is not an abuse of discretion where justifying circumstances appear. * *"

The parties are not in disagreement regarding the basic law applicable to the issue. I.C. § 32–705 provides:

"In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

The question as to custody of children is committed in the first instance to the discretion of the trial court and unless such discretion is abused the judgment in respect to custody will not be disturbed on appeal. Roosma v. Moots, 62 Idaho 450, 112 P.2d 1000; Olson v. Olson, 47 Idaho 374, 276 P. 34; Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617; Jeppson v. Jeppson, 75 Idaho 219, 270 P.2d 437; Stevens v. Davis, 78 Idaho 331, 303 P.2d 240; Larkin v. Larkin, 85 Idaho 610, 382 P.2d 784.

Appellant suggests that if respondent's circumstances change so as to permit his spending more time with the children, the decree could be modified either by agreement of the parties or by a proper showing to the court. Under the circum-

stances disclosed by this record we do not feel justified in disturbing the custody provision of the decree at this time. It is our view that if respondent elects to have the children with him as permitted under the provisions being considered, and as a result of such change of custody the welfare or best interests of the children become adversely affected, then appropriate modification may be justified.

The allowance of $100 per month as maintenance for each child is complained of as being unreasonably small and inadequate in amount. The argument given in support of this contention deals principally with appellant's concept of respondent's financial ability to pay more. Our attention is not called to any item of necessity which is not being or cannot be provided for the children under such allowance. In this connection significantly the parties stipulated that during the pendency of this action respondent should pay $100 per month for the support of each child.

While considering the amount referred to we are mindful that in fixing such allowance regard should be given to the social position of the persons involved and award sufficient to permit a standard of living commensurate with that to which they were accustomed. This court has repeatedly held that in fixing the amounts for child support, the necessities of the children and the financial ability of the payor to provide are primary considerations. Embree v. Embree, 85 Idaho 443, 380 P.2d 216; Hampshire v. Hampshire, 70 Idaho 522, 223 P.2d 950, 21 A.L.R.2d, 1159; Humbird v. Humbird, 42 Idaho 29, 243 P. 827.

Appellant apparently has no doubt regarding the future earnings of respondent. However such confidence was not shared in by the trial court. In this connection the court found

"That defendant's future earnings are uncertain; that the effect of the divorce on his professional standing as a physician and surgeon remains to be seen; that it is imperative that his earning capacity be not impaired by extravagance on the part of either party, and the duty of supporting and educating his children is his primary duty."

We do not agree with the contention that unless this court on this appeal orders a modification of child maintenance, appellant will be faced with an impossible situation. Under I.C. § 32–705 the trial court retains jurisdiction to modify maintenance awards if such is warranted by the facts. If in the future it can be shown that the allowance specified is not adequate to provide maintenance such as the children are entitled to, and respondent's income justifies

an allowance increase, there should be no question as to the court's authority to grant appropriate relief. However, in view of all the circumstances, including the trial court's uncertainty as to the future earnings of respondent, we shall not now disturb the child maintenance allowance as fixed by the trial court.

Appellant contends that the trial court abused its discretion in failing to apportion substantially more than one-half of the value of the community property to appellant. In support of this contention appellant refers to the fact that the divorce was granted upon the ground of extreme cruelty and that appellant was the non-offending spouse, which, appellant contends, justifies that a substantially greater portion of the community property should be awarded to her. The applicable statute is I.C. § 32–712, which provides:

"In case of the dissolution of the marriage by the decree of a court of competent jurisdiction, the community property and the homestead must be assigned as follows:

"1. If the decree be rendered on the ground of adultery or extreme cruelty, the community property must be assigned to the respective parties in such proportions as the court, from all the facts of the case and the condition of the parties, deems just.

"2. If the decree be rendered on any other ground than that of adultery or extreme cruelty, the community property must be equally divided between the parties."

In a case of this kind the disposition of community property is committed to the discretion of the trial court in the first instance. Davis v. Davis, 82 Idaho 351, 353 P.2d 1079; Smiley v. Smiley, 46 Idaho 588, 269 P. 589; Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94.

In the instant case the trial court found "that from the facts of the case and considering the condition of the parties" the division made was "deemed to be just and reasonable." Although the court found that appellant had not been guilty of such cruelty toward respondent as would entitle him to the divorce, the record discloses that neither party was without fault or free from objectionable conduct toward the other. In fact appellant concedes that "it may be contended quite validly that there is some fault on both sides."

By the above quoted language "and considering the condition of the parties" it must be assumed that the court considered the ability and earning capacity of the parties. The record discloses that appellant is a graduate of the University of Oklahoma, holding a Bachelor of Arts Degree, and the court found that she has

intelligence and education to enable her to find and hold employment.

Appellant points out that for some time, while respondent was attending medical school, appellant worked and contributed her income to the parties' limited finances and that by reason of her unhappy marital situation she has developed an anxiety neurosis. She quit working in 1952 when she was expecting her first child and has not worked since. We have no doubt that appellant contributed her full share of effort in accumulating the community property. However, it is clear that respondent has likewise exerted himself in accomplishing its accumulation.

Although this court has authority on appeal to modify the trial court's decree regarding the disposition of the community property (I.C. § 32–714), our attention has not been called to the existence of any special equities on the side of appellant which would justify us in disturbing the disposition provided for under the decree.

The court found that "the defendant shall pay to the plaintiff, the sum of $200 per month as alimony for a period of one year, beginning June 1, 1963." Appellant contends that the court abused its discretion in failing to award a substantially larger sum as alimony and in limiting the alimony payment to a period of only one year. Appellant argues that $200 per month is insufficient and inadequate to provide her support and maintenance in the manner in which she is accustomed to living and that limiting such payments to a period of one year is not "just" under the circumstances, within the meaning of I.C. § 32–706, which provides:

"Where a divorce is granted for an offense of the husband, including a divorce granted upon the husband's complaint, based upon separation without cohabitation for five (5) years, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects."

This court has consistently held that the allowance of alimony and the amount thereof, are in the first instance committed to the trial court's discretion. Malone v. Malone, 64 Idaho 252, 130 P.2d 674. However, such discretion is reviewable on appeal. Enders v. Enders, 36 Idaho 481, 211 P. 549.

The portion of the court's findings which discloses to some extent the reasoning of

the court in limiting the payments to one year is as follows:

"That the plaintiff has the intelligence and education to enable her to find and hold employment during the hours the children are in school, and the Court further finds that such employment would be to her best interest from a mental standpoint."

The record does indicate that many of appellant's personal problems were a result of her remaining at home and worrying; the trial court considered that it would be to her best interest from a mental standpoint to accept employment. In considering appellant's contention it is of significance to note that the court also found:

"That the plaintiff is at present unemployed and her present physical and mental condition is not of the best, and that this has been caused in the main by defendant's conduct and treatment of her, and as a result thereof, the plaintiff is entitled to receive, and the defendant shall pay to the plaintiff, the sum of $200.00 per month as alimony for a period of one year, beginning June 1, 1963."

As concerns the adequacy of the amount of the allowance we disagree with appellant's contention. We are not aware of any showing that appellant cannot provide herself and the children with appropriate maintenance with the allowances prescribed. However, under all the circumstances of this case we consider that it was error to limit the alimony payments to a period of one year. The court recognized that at the time the decree was entered appellant was not well physically or mentally. There is no showing that appellant has been able to procure employment at any time "during the hours the children are at school." These children may be adversely affected by appellant's absence from the home while in pursuit of employment, and in view of the tender ages of said children it is important to consider what effect would result. To terminate the alimony in advance of any showing that circumstances warrant such termination would necessarily rest on speculation or conjecture.

I.C. § 32–706 clearly empowers the trial court to modify or terminate the alimony payments at any time when such modification or termination is deemed justified; but until such time as it is shown to the court that appellant is no longer in need of the alimony or that circumstances and conditions of the parties warrant a modification, the payment should continue. We therefore conclude that the trial court erred in limiting the award of alimony to a period of one year.

The trial court is sustained in all of its findings, conclusions, judgment and decree except in respect to the termination of the alimony after one year. Disposition of this case in the manner mentioned renders unnecessary any further consideration of appellant's motion to amend the findings, conclusions, judgment and decree of the court below. The cause is remanded, with direction to modify the decree as to alimony in conformity with this opinion and as so modified the decree is affirmed. Costs to appellant.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.