510 P.2d 488

Gail PULLMAN, Plaintiff-Respondent,

v.

Dave J. KLINGENBERG and Marge Klingenberg, husband and wife, Defendants,

and

Marge Klingenberg, Defendant-Appellant.

No. 11191.

Supreme Court of Idaho.

May 25, 1973.

Cox & Fanning, Idaho Falls, for appellant.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for appellee.

McQUADE, Justice.

The central figures in this action are Linda, age 14, Lisa, age 14, and Janet Pullman, age 12, the minor daughters of respondent Gail Pullman and his wife Darlene Pullman, who died in 1963. Appellant Marge Klingenberg, maternal aunt to the girls, cared for them to some extent while the mother was alive. Gail Pullman took care of his daughters for a period of time after Darlene Pullman's death, then he voluntarily permitted appellant Klingenberg to care for the girls until February 7, 1967.

In 1966 respondent married Elaine White Pullman. Elaine Pullman had two sons by a prior marriage, Randy and Scott. Gail and Elaine Pullman are the natural parents of one minor child, Tina. On February 7, 1967, after a custody hearing prompted by a writ of habeas corpus the three daughters from the first marriage were ordered returned to their natural father, respondent Gail Pullman. The district court later modified this order, by way of stipulation, in order to allow reasonable visitation between appellant Klin-

genberg and the three daughters from the first marriage.

Thus, from 1967 until 1972, the Pullman family consisted of the three daughters of Gail Pullman's first marriage, the two sons of Elaine Pullman's prior marriage, and the daughter born to Gail and Elaine Pullman. The family lived in a four bedroom, two bath brick home near Idaho Falls. At the end of a two week visitation by Linda, Lisa and Janet to the Marge Klingenberg home near Idaho·Falls in August of 1972, respondent Gail Pullman was unable to regain custody of the three daughters. An order to show cause was issued ordering respondent Pullman to show cause why the 1967 order should not be modified to award custody of Linda, Lisa and Janet Pullman to Marge Klingenberg.

On September 1, 1972, the district judge denied the motion of appellant Klingenberg to obtain custody of the three children of Gail Pullman's first marriage. This appeal, in which appellant Klingenberg lists three assignments of error, is from that judgment. It is alleged that the district judge abused his discretion in requiring the three children to return to their father's home. It is further alleged that Marge Klingenberg is a fit and proper person to take custody and that this is the desire of the three minor girls involved.

A parent has a natural right to the care, custody and control of his or her children against other lineal or collateral relatives.[1] Where a natural father establishes a prima facie case in a custody proceeding, the burden shifts to the opposite party to prove that the father forfeited parental rights by abandonment, or that he was unfit or unable to properly care for the children.[2]

The rule that findings of a trial court, when supported by substantial and competent evidence, will not be disturbed on appeal, applies to habeas corpus proceedings of a civil nature to determine the right to custody of a child.[3] The findings of the trial court in this case are supported by substantial and competent evidence. Appellant failed to show that the father was unfit or unable to properly care for the children.

Appellant notes that each of the three girls testified that they did not want to return to the father's home. The general rule in custody cases is that the best interests of the children are of paramount importance.[4] The personal desires of both parents and minor children must yield to a determination of what are the best interests for the children.[5] After reviewing the evidence, the district court judge stated in his memorandum decision:

"I cannot help but feel that the best interests of the children will be served by granting their full custody to the father."

This Court finds no abuse of discretion by the trial court judge.

The judgment of the trial court is affirmed. Costs to respondent.

DONALDSON, C. J., and SHEPARD, McFADDEN and BAKES, JJ., concur.

1. I.C. § 32–1007 states:
"*Rights of parents over children.*—The father and mother of a legitimate unmarried minor child are equally entitled to its custody, services and earnings. If either the father or mother be dead or be unable or refuse to take the custody or has abandoned his or her family, the other is entitled to the child's custody, services and earnings."

2. Blankenship v. Brookshier, 91 Idaho 317, 420 P.2d 800 (1966) ; Nelson v. Standefer, 87 Idaho 83, 390 P.2d 838 (1964) ; Freund v. English, 83 Idaho 140, 358 P. 2d 1038 (1961).

3. Blankenship v. Brookshier, *supra, note* 2 ; Moss v. Vest, 74 Idaho 328, 262 P.2d 116 (1953).

4. Blankenship v. Brookshier, *supra, note* 2, 91 Idaho at 320, 420 P.2d 800 ; *see also* Clark v. Jelinek, 90 Idaho 592, 414 P.2d 892 (1966).

5. Larkin v. Larkin, 85 Idaho 610, 382 P.2d 784 (1963) ; Rogich v. Rogich, 78 Idaho 156, 299 P.2d 91 (1956) ; Maudlin v. Maudlin, 68 Idaho 64, 188 P.2d 323 (1948).