332 P.2d 880

Wallace S. TOWNSEND, Claimant-Respondent,

v.

CAHOON CONSTRUCTION COMPANY, Employer, and Argonaut Underwriters Insurance Company, Surety, Defendants-Appellants.

No. 8650.

Supreme Court of Idaho.

Dec. 2, 1958.

Rehearing Denied Dec. 15, 1958.

Wm. M. Smith, Boise, for appellant.

426

J. Charles Blanton, Boise, Wm. T. Goodman, Rupert, for respondent.

PORTER, Justice.

Respondent filed a claim for compensation for an injury to his right eye resulting from an accident allegedly arising out of and in the course of his employment. Appellants defended against such claim for compensation on the ground that such injury was not the result of an accident occurring during the time of the employment of respondent. The Industrial Accident Board entered an award of compensation in favor of claimant-respondent. Appellants have appealed from such order to this court.

Respondent was living in Rupert in the year 1956. On November 18 of such year he was hired by appellant, Cahoon Construction Company, through its foreman, R. L. Sawyer, to work at the pumping station of his employer. Such pumping station was located about twenty miles from Rupert. The employer arranged transportation of the respondent from Rupert to the pumping station and return. Each morning the foreman would pick up respondent in the foreman's automobile at a

street corner in Rupert about one and one-half blocks from respondent's home and would transport respondent to his work at the pumping station and would transport respondent back to the same corner in the evening.

On Friday, November 23, respondent and the foreman were engaged in a clean-up job at the pumphouse. A considerable amount of dirt, dust, pieces of metal drillings, filings and other debris had settled on shelves, projections, pump housings and on the walls and floors of the pumphouse. At times it was necessary for respondent while sweeping down the walls to use a ladder. At the end of the day's work the foreman returned respondent to the usual corner in Rupert. On the return trip the foreman advised respondent that the work for which he had been employed was completed and that respondent's services were terminated.

When respondent got out of the foreman's automobile in Rupert, the weather was cold and windy but no dust or dirt was being blown or was visibly present in the atmosphere. Respondent started for his home. When the cold wind struck his eyes and within one-half block he felt a stinging in his right eye. He had not been conscious of any hurt to his right eye prior to that time. Upon reaching home respondent bathed and treated his eye but the eye continued to pain him over Saturday and Sunday.

On Monday, November 26, respondent visited a doctor who determined that respondent was suffering from an ulcer in his right eye caused by the entrance of some foreign substance into the eye which event had probably occurred two or three days before the examination by the doctor. The condition of respondent's eye grew worse and he eventually lost all vision in his right eye.

On this appeal appellants take the position that respondent did not sustain his burden of proof by showing by a preponderance of the evidence that the injury to his right eye was caused by an accident occurring during the time of his employment.

The evidence shows without serious dispute that on November 23, 1956, respondent was in the employ of the Cahoon Construction Company; and that some time on such day he received an accidental injury to his right eye by the entrance into such eye of some foreign body. There is no direct proof as to whether the accident occurred prior to or after the termination of respondent's employment.

In deciding the question as to when the accident occurred, the Industrial Accident Board found "Townsend attributed the entry of the foreign body into his eye to his clean-up operations during the last afternoon of his employment. It is a reasonable deduction and in the absence of any other cause is the most likely probability."

In support of this finding the evidence shows that respondent worked for more than one-half day in the midst of flying dust and debris, a working condition hazardous to the eyes. Respondent was not wearing glasses or other protection for his eyes. The only other opportunity for the occurrence of the accident as shown by the evidence is during the minute or two immediately after respondent left the foreman's car and started home before respondent felt the stinging in his eye. The Board correctly found that the most likely probability under the evidence was that the accident occurred during the clean-up operations at the pumphouse. The proof of such probability meets the burden of proof required of respondent.

In Pierstorff v. Gray's Auto Shop, 58 Idaho 438, at pages 443–444, 74 P.2d 171, at page 173, this court said:

"And in the case of Adams v. Bunker Hill [& Sullivan] Min. Co. (on rehearing), 12 Idaho 637, 89 P. 624, 628, 11 L.R.A.,N.S., 844, this court said: 'There are very few things in human affairs, and especially in litigation involving damages, that can be established to such an absolute certainty as to exclude the possibility, or even some probability, that another cause or reason may have been the true cause or reason for the damage rather than the one alleged by the plaintiff. But such possibility, or even probability, is not to be allowed to defeat the right of recovery, where the plaintiff has presented to the jury sufficient facts and circumstances surrounding the occurrence as to justify a reasonable juror in concluding that the thing charged was the prime and moving cause.'"

See also, Stilwell v. Aberdeen-Springfield Canal Company, 61 Idaho 357, 102 P.2d 296.

■ Claimant is required only to establish the cause of his injury by a preponderance of the evidence and not necessarily to the exclusion of other possible causes. Leach v. Grangeville Highway District, 55 Idaho 307, 41 P.2d 618; Suren v. Sunshine Mining Co., 58 Idaho 101, 70 P.2d 399.

In In re Soran, 57 Idaho 483, at page 495, 67 P.2d 906, at page 911, this court quoted with approval the following rule:

"* * * 'The rule would therefore seem to be that where the known facts are not equally significant, where there is ground for comparing and balancing their respective values, and where the more probable conclusion is that for which the applicant contends, an inference in his favor is justified. * * *'"

The finding of the Industrial Accident Board that the contention of respondent that the accident occurred during the clean-up operation was the most likely probability of the time and place of the accident is sustained by sufficient, competent evidence under the foregoing rules. In such circumstances the findings of the Board are conclusive upon this court upon the appeal. Benson v. Jarvis, 64 Idaho 107, 127 P.2d 784; Stroscheim v. Shay, 63 Idaho 360, 120 P.2d 267.

In its rulings of law, the Industrial Accident Board recited that appellants paid to claimant total temporary disability compensation for a period of thirteen weeks and that by payment of such compensation, appellants conceded the compensability of claimant's injury. Appellants contend that such recital was erroneous and an attempt to predicate jurisdiction of the Board upon the consent of the parties. Such mixed finding of fact and ruling of law was unnecessary to a decision of this cause and may be treated as surplusage and disregarded. Such recital did not constitute reversible error as there is sufficient other evidence to sustain the award of compensation. Dahlberg v. Johnson's Estate, 70 Idaho 51, 211 P.2d 764, 11 A.L.R.2d 1365; Hartley v. Bohrer, 52 Idaho 72, 11 P.2d 616; Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345.

The order of the Industrial Accident Board awarding compensation to respondent is affirmed. Costs awarded to respondent.

KEETON, C. J., TAYLOR and McQUADE, JJ., and BAKER, District Judge, concur.

SMITH, J., not participating.