422 P.2d 618

**Margie V. PARKS, Plaintiff-Appellant,**
v.
**Charles PARKS, Defendant-Respondent.**
No. 9738.

Supreme Court of Idaho.
Jan. 17, 1967.

Hall & Rowett, Mountain Home, for appellant.

Bird & Hobdey, Gooding, for respondent.

McQUADE, Justice.

Appellant Margie V. Parks and respondent Charles Parks intermarried on May 25, 1957, in Georgia. Charles Bradley Parks, their only child, was born during 1961. On May 10, 1963, respondent obtained a default divorce from appellant in the District Court of the County of Gooding, Idaho. Appellant and respondent were remarried at Elko, Nevada, on February 22, 1964, and divorced by decree of the district court below on April 26, 1965.

At the time of trial, respondent was forty-one years old, a major in the United States Air Force and aircraft commander of a B-47 aircraft. Appellant had been his only wife. Appellant, thirty-two years of age, had been married to four other men, the first at age sixteen. All but one of these marriages had been terminated by divorce. Appellant is the mother of five children, all presently living, by four different fathers.

Appellant commenced this action for divorce against respondent on January 27, 1965, alleging extreme cruelty and respondent counterclaimed for divorce, also on grounds of extreme cruelty. Both parties sought custody of their son, then four years old.

The trial judge granted respondent a divorce for appellant's extreme cruelty to him in "that plaintiff [appellant] continues to attract and be associated with other men." Respondent was granted custody of the minor son. Appellant contends that the trial court committed error first in not granting appellant's prayer for divorce and, secondly, by awarding custody of the parties' minor son to respondent.

Regarding the decree of divorce, appellant argues that the trial court erred in failing to make a finding on the grounds for divorce alleged in her complaint and in not granting her the divorce because of respondent's "acts of physical cruelty" towards her.

The "physical cruelty" of which appellant complained occurred on two occasions. The first, in September of 1964, constituted slaps with an open hand. Appellant testified that on this occasion "he [respondent] took me by the arm and jerked me out of bed and slapped me in the face and shoved me into [sic] the floor * * * he hit me more than once * * * [w]ith his open hand." Respondent testified he "slapped her twice" while she was in bed and that this was the complete extent of his violence on that occasion.

The second act of physical cruelty occurred during January of 1965, at which time appellant's wrist was cracked. She testified that respondent started to hit her and she put her hand up as a guard for her face and he struck her wrist. Respondent testified that while he was holding appellant's wrists in an attempt to prevent her from "swinging" at him, she twisted her wrist and cracked it. He denied hitting her on this occasion. Regarding both occasions, respondent related provoking circumstances. See Spofford v. Spofford, 18 Idaho 115, 108 P. 1054 (1910).

■■ Determination of the issue whether respondent's conduct constituted extreme cruelty is a question primarily within the fact finding function of the trial court, and his findings will be upheld if supported by substantial evidence. Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788 (1962); Jordan v. Jordan, 75 Idaho 512, 275 P.2d 669 (1954). A reading of Schmidt v. Schmidt, 51 Wash.2d 753, 321 P.2d 895 (1958), cited by appellant for the proposition that a wife is entitled to a divorce for cruelty when the husband exerts greater physical force on her than is necessary for his own protection, discloses habitual violence, murder threats and profanity, quite inapposite to the two altercations between the parties here.

The trial court did not, as appellant contends, fail to find on the grounds for divorce urged by appellant. Its findings of fact regarding this issue are contained in Finding No. 6:

"That the present divorce action has been precipitated by the fact that plaintiff continues to attract and be associated with other men; that plaintiff separated from defendant in January, 1965, primarily because of her interest in a captain in the Air Force stationed at Mountain Home Air Force Base and not as a result of any acts of physical cruelty committed upon her by defendant; that her association with the captain and other men constitutes extreme cruelty to defendant;"

In his memorandum decision the trial judge stated the above and concluded:

"Her association with men constitutes extreme cruelty to defendant. I therefore will deny plaintiff's cause of action for divorce and grant defendant a divorce from plaintiff on the ground of extreme cruelty."

When conduct is alleged to constitute extreme cruelty within I.C. § 32–605, it [the conduct] is not to be considered in the abstract; the crucial determination is how the conduct has affected a spouse. Donaldson v. Donaldson, 31 Idaho 180, 170 P. 94 (1917); Angleton v. Angleton, supra.

Appellant does not question the sufficiency of the grounds for divorce urged by respondent. See Lawson v. Lawson, 87 Idaho 444, 394 P.2d 1008 (1964); 157 A.L.R. 631, 636. The trial court did not commit error by granting the decree of divorce herein to respondent and refusing to grant it to appellant.

Regarding the custody award of the parties' four-year-old son to respondent, appellant contends that this determination was an abuse of the trial court's discretion. She also contends that the trial court committed error in admitting an earlier default decree of divorce between the parties which then granted respondent custody of their infant son. Appellant claims that this exhibit was irrelevant and prejudicial.

It may be true, as appellant notes, that the law prefers that the mother be custodian of children of tender age where all other considerations are equal. Brashear v. Brashear, 71 Idaho 158, 228 P.2d 243 (1951). However, when the trial court finds from sufficient, though conflicting evidence that the welfare of a child of tender age will best be served by awarding his custody to his father, such determination will not be disturbed on appeal. Olson v. Olson, 47 Idaho 374, 276 P. 34 (1929) (father awarded custody of three-year-old son); see Lawson v. Lawson, supra, (father awarded custody of both children, sons, ages ten and twelve); cf. Jeppson v. Jeppson, 75 Idaho 219, 270 P.2d 437 (1954) (refusal to modify custody award to father of seven-year-old son).

Appellant argues that the trial court's custody award was not based upon the child's welfare but rather "used as a means of punishment or reward of [the] parent[s]." However, the trial judge's findings of fact, amply supported by the evidence, show a careful balancing of the abilities of each parent to best serve the child's physical and emotional needs.[1]

---

1. "[Finding of Fact] –7–
"That defendant is 41 years of age and has only been married to the plaintiff. He is a Major in U.S. Air Force and a Command Combat Pilot. His demeanor in court and his position in the Air Force indicate that defendant [respondent] is a stable and responsible individual. Defendant [respondent] has been in the Air Force since 1949 and has had college training. He will be eligible for retirement from the Air Force within the next two years;
"–8–
"Although plaintiff [appellant] has basically a good relationship with her children the evidence shows that she is a sloppy housekeeper and casual in her care of the children; that she is a bridge addict, sleeps late and on occasion leaves

The award of child custody is primarily vested in the trial court's discretion. I.C. § 32–705; Nielsen v. Nielsen, 87 Idaho 578, 394 P.2d 625 (1964); Olson v. Olson, supra. Also, the district court has continuing jurisdiction to modify the decree of custody whenever changed circumstances may require. I.C. § 32–705; Thurman v. Thurman, 73 Idaho 122, 245 P.2d 810 (1952). This court will consider this continuing jurisdiction provision when called upon to evaluate the district court's original custody award. Loveland v. Loveland, 91 Idaho 400, 422 P.2d 67 (January 5, 1967); McMurtrey v. McMurtrey, 84 Idaho 314, 372 P.2d 403 (1962). We find that the trial judge did not abuse his discretion by awarding respondent custody of his four-year-old son.

Appellant contends that Exhibit 1, the May 10, 1963, default decree of divorce from the parties' first marriage, was irrelevant and thus erroneously admitted. This exhibit, as shown by the colloquy between counsel and the trial judge when it was offered and received in evidence, was offered for the purpose of establishing that the trial judge in the first divorce proceeding between the parties, less than two years before the hearing below, awarded custody of the minor son to respondent.

■■■ Since the parties had remarried after the default divorce, the decree was no longer probative regarding appellant's attitude towards the parties' minor child. Thus alone the exhibit could not support a custody award. However, admission of the decree was not reversible error since the trial judge's custody award drew no support from it. The trial judge's findings of fact regarding the custody award issue placed no reliance on the default divorce decree. (See footnote 1, page 4.) His pertinent observations on this issue contained in the memorandum decision likewise ignore the exhibit.[2] Thus, any error committed in ad-

the children to their own devices concentrating her interest in herself;

"–9–

"Defendant [respondent] has provided for and assumed full responsibility for all the plaintiff's [appellant's] children since his first marriage to plaintiff [appellant] and maintains a close relationship with all of the children and has demonstrated a genuine interest in the welfare of all the children;

"–10–

"That it appears that neither the plaintiff [appellant] nor the defendant [respondent] would mistreat the child of the parties; that the child should not be subjected to the financial limitations and varying marital situations of plaintiff [appellant] which the evidence indicates will continue to exist; that the fact that the defendant [respondent] is a flying officer and subject to orders which cause him to be away from home for uncertain periods of time are the principal deterents [sic] to his being awarded custody of the child, however the best interests and welfare of the child, particularly the long range emotional and environmental stability, will best be served by awarding custody of the child to the defendant [respondent];"

2. "The custody of the four-year-old boy presents a difficult problem because neither party would mistreat the child.

However, I am convinced that in the long run defendant [respondent] is much more likely to give the boy a stable environment than is plaintiff [appellant]. Defendant [respondent] in my opinion has shown more interest in the care of the family than has plaintiff [appellant]. Plaintiff [appellant] seems primarily interested in herself. Defendant [respondent] has provided for an [sic] assumed full responsibility for all of plaintiff's [appellant's] children since his first marriage to plaintiff [appellant]. Plaintiff [appellant] admits that he has been a good father to them all, and that there is a close relationship between him and all the children. Although plaintiff [appellant] also has basically a good relationship with her children, I am of the opinion that the evidence shows that she is a sloppy housekeeper and is rather casual in her care of the children. She is a bridge addict, and sleeps late and leaves the children to their own devices a great deal. She really does not have sufficient earning capacity to take care of her four children by prior marriages without defendant's [respondent's] financial support. How plaintiff [appellant] can adequately care for her four children by prior marriages without assistance is not shown. I do not see why defendant's [respondent's] own child should be subjected to the financial limitations

**424**

mitting the default divorce decree was harmless. Wyatt v. Wyatt, 2 Idaho 236, 10 P. 228 (1886); cf. I.R.C.P. 43(a). There was sufficient competent evidence, besides the judgment, to uphold the trial court's findings on the issue of custody. Hartley v. Bohrer, 52 Idaho 72, 11 P.2d 616 (1932). Cf. Townsend v. Cahoon Construction Co., 80 Idaho 425, 332 P.2d 880 (1958).

Judgment affirmed. No costs allowed.

TAYLOR, C. J., and SMITH, McFADDEN and SPEAR, JJ., concur.

and varying marital situations of plaintiff [appellant], when defendant [respondent] has demonstrated capacity to assume the responsibility for him and has shown a real interest in his welfare. Defendant's [respondent's] actions and demeanor on the witness stand and in court indicate to me that he is a stable and responsible individual. His position in the Air Force also indicate[s] this to me, as does his sense of responsibility for plaintiff's [appellant's] children by prior marriages. The fact that he is a flying officer and is subject to orders which cause him to be away from home for un-certain periods of time, are the principal deterrent to his being awarded custody of the boy. While these things are certainly disadvantageous, I believe the long range emotional and environmental stability which he can afford over that of plaintiff [appellant], outweigh these disadvantages. I believe that plaintiff's [appellant's] interest in men and association with men will continue. I therefore will award defendant [respondent] custody of the child, plaintiff [appellant] to have liberal rights of visitation and to have the boy visit her then the circumstances are proper."