440 P.2d 137

John Perin BARKER, Plaintiff-Appellant,

v.

Marilyn Jean BARKER, Defendant-
Respondent.

No. 9847.

Supreme Court of Idaho.
April 30, 1968.

Robert F. McLaughlin, Mountain Home, for appellant.

Hall & Rowett, Mountain Home, for appellee.

McQUADE, Justice.

Appellant John Perin Barker, a U. S. Air Force captain stationed at Mountain Home, brought this action for divorce on grounds of extreme cruelty against his wife of ten years, respondent Marilyn Jean Barker. He also sought custody of the parties' children, two girls aged four and six, and an equitable division of community property which included three houses.

Respondent counterclaimed, alleging extreme cruelty, and asked that she be given custody of the children, and appellant be ordered to contribute to their support. She also asked that appellant be ordered to pay her costs and attorney's fees incurred in the action. She did not ask specifically for alimony.

The court granted divorce in favor of respondent and awarded to her custody of both children. The court awarded to respondent one house and to appellant two houses and ordered appellant to pay all community indebtedness. The court ordered appellant to pay $100.00 monthly per child for child support and to pay her attorney's fees in the sums of $500.00 for trial and $750.00 on appeal plus actual costs on appeal. No alimony was awarded.

This is an appeal from that judgment. Finding no error, we affirm. Pertinent facts are presented in the following discussion of appellant's contentions.

Appellant's assignments of error may be summarized as follows:

1. Divorce should have been granted to appellant;

2. Custody award was erroneous;

3. Child support award was improper because there was inadequate showing of actual costs of raising children;

4. Error in valuing (and failure to value) certain community assets;

5. Excessive attorney's fees award;

6. District court improperly acted as an advocate by extensive examination of witness.

Concerning the district court's decree of divorce in respondent's favor for appellant's extreme cruelty to her, divorce may be granted for extreme cruelty [1] consisting of "infliction of * * * grievous mental suffering upon the other by one party to the marriage." [2] Supporting its decree of divorce in favor of respondent, the court found appellant:

"was somewhat a martinet in the home; that he insisted upon complete dominance and constantly kept defendant [respondent] in a state of nervous tension; that plaintiff [appellant] has an almost psy-

1. I.C. § 32–603.

2. I.C. § 32–605; see Parks v. Parks, 91 Idaho 420, 422 P.2d 618 (1967).

chotic desire for a male heir and has blamed defendant [respondent] for her failure to bear one, although she has borne two children and has had two miscarriages in ten years of marriage; that plaintiff's [appellant's] attitudes have been unreasonable and amount to extreme cruelty toward defendant [respondent] who has suffered real mental and physical injury as a result."

■ Respondent and several other witnesses, female neighbors from Mountain Home, her sister and her mother, all gave testimony to the effect of the finding or corroborative of it. Appellant testified respondent was frigid towards him but she denied it and testified to the contrary that she was the aggressor ever since the six-year-old daughter had been born. Appellant does not show specifically how respondent's evidence was insufficient to support the court's findings.

■ Appellant objects to the district court's award to respondent of custody of the parties' two minor girls. Appellant contends the court committed error: by improperly excluding, upon claim of physician-patient privilege, testimony about respondent's mental fitness by a psychiatrist who had examined her before the parties formally sought a divorce; and by mistakenly determining—as indicated by a statement in the judge's findings—that appellant conceded the children should be awarded to respondent.

The parties together and separately had sessions with a Boise psychiatrist prior to formally seeking divorce. Appellant's attorney called the doctor on appellant's case and asked him about his findings concerning respondent. Her attorney objected that such was privileged and the court sustained the objection. Appellant's attorney made no pertinent explanation nor any showing why the court should not apply the statutory privilege with respect to physician-patient confidential relations; his only statement concerning why he wished to elicit the testimony was:

"Your Honor, the children are involved and it would appear to me that medical testimony bearing on the fitness of either parent would be at issue here."

I.C. § 9–203 provides in part:

*"Confidential relations and communications.*—There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person can not be examined as a witness in the following cases:

\* \* \* \* \* \*

"4. A physician or surgeon can not, without the consent of his patient, be examined in a civil action as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient, provided, however, that: (A) Nothing herein contained shall be deemed to preclude physicians from reporting of and testifying at all cases of physical injury to children, where it appears the injury has been caused as a result of physical abuse or neglect by a parent, guardian or legal custodian of the child."

We find no error in the court's exclusionary ruling. Appellant's testimony concerning respondent's sometime physical discipline of the children indicates no more than normal parental control and certainly does not suggest child abuse.

■ We certainly agree with appellant's counsel that in a proceeding to determine proper custody of children medical testimony bearing on the fitness of either party would be relevant. In this regard we direct attention to Idaho R.Civ.P. 35(a) which provides under specified conditions that: "In an action in which the mental or physical condition \* \* \*, of a party \* \* \*, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental \* \* \* examination by a physician. \* \* \*."

Concerning the district court's understanding that appellant "conceded" respondent should be awarded custody of the par-

ties' children, in respondent's complaint he asked for custody of both children, and nowhere in the record does it appear that he expressly conceded he did not want custody. Nevertheless, his testimony on direct questioning by his counsel contains the following:

"Q Now in regards to the children, Mr. Barker, what is your desire relative to their custody in the event that a divorce is granted in this action?

"A I'd like as much time with my children as is possible. I would very much appreciate, due to the schooling and inherent problems thereto, to have them through the summer months and whatever holidays I could get."

Appellant made no showing concerning how he could care for the children on a permanent basis notwithstanding his being subject to military orders at all times. His testimony concerning potential facilities and personnel to care for the children was addressed only to adequate arrangements for "summer visitations and also for the Christmas or Easter vacation [.]" The district judge ordered appellant have the right to have the children visit him for six weeks in the summer.

 The district court has discretion to make an award of custody in the best interests of the children.[3] There was evidence that the children were much happier and more well-adjusted when they were in the sole care of respondent than when they were with appellant. We find no abuse of discretion in the custody award.

 Appellant contends the court erred in ordering appellant to pay child support of $100.00 per month per child because there was insufficient evidence of the actual costs of raising the parties' children. This amount was precisely that which respondent testified she would need. She gave no supportive evidence, but appellant did not challenge her statement. Moreover, pending trial the parties had stipulated to this amount for temporary child support.

Reasonable orders for child support are within the discretion of the district court,[4] and here we find no abuse of that discretion.

 Appellant objects to the district court's award of community real and personal property.

The parties owned three houses, two in Mountain Home, Idaho, in which the equity was about the same, and one in California. The court awarded each party one of the Mountain Home houses as encumbered, and awarded appellant the California house as encumbered. Appellant was ordered to pay the non real estate community indebtedness, which totaled about $15,000.-00.

Appellant objects that the court erroneously valued the real property. Appellant testified that according to his observations and conversations with realtors, each property was worth little if any more than its encumbrance. The court found:

"All of the above real property is at the present time in a depressed market because of the deactivation of military installations nearby, and probably has a lower market value than shown above at the present time, but neither party presented adequate evidence to show what the present market value is."

Concerning the award of personal property, for the large part it was based on pre-agreed divisions. Appellant does not specifically show how the court's division is inequitable.

---

3. I.C. § 32–705; Parks v. Parks, supra n. 2.

4. I.C. § 32–710; Loveland v. Loveland, 91 Idaho 400, 422 P.2d 67 (1967); cf. I.C. § 32–705.

· Where decree is rendered on grounds of extreme cruelty division of community property, both real and personal, is in the first instance committed to the discretion of the district court.[5] It is notable that respondent received no alimony. We find no abuse of discretion in the community property division.

■ Concerning the award of attorney's fees, appellant contends they are excessive but cites no authorities; his argument appears to be only a passing statement that: "in the light of the above inequitable distribution of the community property which was unequivocally in the defendant's [respondent's] favor," the court erred in the attorney's fees award. Respondent points out appellant's income was more than $700.00 per month take-home while she had no employment and no personal funds. We find no error in the court's award of attorney's fees.

■ Appellant contends "the court has denied plaintiff [appellant] a fair trial by taking the role of an advocator [sic] through its extensive examination of witnesses."

Examination of the transcript at the pages to which appellant refers in support of this contention indicate that appellant's claim is not supported. The two cited colloquys between judge and witness were examination of respondent about her qualifications and plans for future employment (one page in length); · discussion with appellant about his future military career opportunities (one and one-half pages in length). The examinations were conducted only after both counsel had concluded questioning the witnesses. After each colloquy, the trial judge gave counsel opportunity to re-examine. There was no objection to the judge's questions.

Judgment affirmed. Costs to respondent.

SMITH, C. J., and TAYLOR, McFADDEN, and SPEAR, JJ., concur.

5. I.C. § 32-712; Loveland v. Loveland, supra n. 4.