442 P.2d 775

Nadine JOHNSON, Plaintiff, Appellant and Cross-Respondent,

v.

Eldon G. JOHNSON, Defendant, Respondent and Cross-Appellant.

No. 9839.

Supreme Court of Idaho.
July 2, 1968.

Whittier & McDougall, Pocatello, for appellant.

John R. Black, Pocatello, for appellee.

McQUADE, Justice.

This is an appeal from a judgment of divorce and property division, and a cross-appeal from an order of the district court that reopened the trial to receive further evidence concerning property valuations. Appellant, Nadine Johnson, brought this action against respondent, her husband, Eldon Johnson, for divorce on grounds of extreme cruelty. Appellant asked for all community property and that respondent be ordered to pay all community debts and certain costs of suit including attorney's fees. The parties have no children, and appellant, who operates her own beauty salon, did not ask for alimony. Respondent counterclaimed for divorce in his favor on grounds of appellant's extreme cruelty to him.

The district court granted each party a divorce on grounds of extreme cruelty. The court made a roughly equal division

of the community property which excluding equity in a home amounted to about $6,000.00 (undivided). The home was valued at $18,500.00 subject to $11,500.00 mortgage, leaving an equity of $7,000.00. Neither party contests this valuation of the home. The court disposed of the home by means of the following option arrangement: appellant had first option to take the home upon payment to respondent of $3,000.00; if not, respondent by paying appellant $4,000.00 could take the home; if neither party exercised his option, the home would be sold and its equity divided $\frac{4}{7}$ to appellant and $\frac{3}{7}$ to respondent. Respondent was ordered to pay the whole community indebtedness and to pay certain attorney's fees on appellant's behalf. Appellant objects to the judgment in the following particulars. She contends that she alone should have been awarded the divorce. In this regard she claims: there was insufficient showing of respondent's Idaho residence; there was inadequate trial of the issues; the defense of recrimination should bar an award of divorce to respondent; and, the award to respondent was contrary to the evidence. Appellant also assigns error to the division of community property. Respondent contends the court erred by reopening the trial for further evidence after the parties initially had rested. Finding no reversible error, we affirm.

Concerning respondent's residence for six weeks preceding the commencement of the action[1] he testified at the June 28, 1965 trial that he and appellant had intermarried May 9, 1960 in Las Vegas and "right after the marriage" established residence in Pocatello, Idaho. Respondent's cross-complaint alleges "both parties are and have been residents of Idaho for more than a year next preceding the commencement of this action." Appellant's answer to the cross-complaint admits the allegation.

■ Respondent's residence was in no way contested at trial. Indeed, appellant does not suggest that respondent did not in fact meet the residency requirement but rather that there was no finding of residence. Although the court made no formal finding concerning residence, as would have been the better practice, the court did note in its original decree that the parties had stipulated to waive any jurisdictional defects. We find no reversible error here.

■ The major point of concern on this appeal is the conduct of the trial. The parties' attorneys at trial (appellant is represented by a different counsel on this appeal) stipulated that each attorney would read prepared statements for his respective party concerning the grounds of divorce and that the parties themselves would testify only concerning property. During counsels' readings, the parties were present in court and no one objected. Each party then testified concerning property. After the trial, the counsel who had represented appellant at trial moved the court to modify its initial decree and to set aside certain stipulations. The written motion and affixed affidavit of appellant are directed only to property valuations. Appellant contended she had been misled by her counsel. The court reopened the trial and heard further evidence concerning property.

We think the procedure followed at the trial relating to admission of statements by counsel was unwise because it deprives the trial court of its rightful and important function as arbiter of the weight of competent evidence. This procedure dangerously leaves a lingering suspicion that perhaps the attorneys, unknowingly we assume, have not conveyed the true sense of the parties' complaints. And the increased possibilities for collusion are obvious. Nevertheless, though we intend our previous remarks as a caveat, we find no reversible error in the present action. Appellant does not suggest that her attorney misrepresented her side of the story; rather she finds fault with re-

1. Required by I.C. § 32–701.

spondent's tale and wants to subject him to cross-examination. As noted, she sat through the recitations of both counsel and did not object nor was her motion for reopening the trial addressed to the question of grounds for divorce. Under these circumstances, we think she must be bound by her stipulation.

We hold that the doctrine of recrimination,[2] is not applicable on the facts of the present action.[3]

Concerning the adequacy of the evidence to support the court's award of divorce to respondent (as well as to appellant), suffice it to say that the imputed testimony of respondent regarding appellant's violent conduct towards him while under the influence of alcohol and narcotics sufficiently underpins the district court's discretionary award.[4]

We further find no abuse of discretion[5] in the division of community property. Specifically, appellant claims certain household items and beauty parlor equipment awarded to her were overvalued by the court, i. e. $3,000.00 assigned valuation though witnesses said such value was slightly more than $1,000.00. But the testimony cited by appellant was the "low side," the prices which the witnesses would offer to pay; the witnesses selling prices wholly support the court's valuation. And it was within the court's power to decree the above mentioned option arrangement with respect to the community homestead, notwithstanding that appellant may have contributed from her separate property more than respondent contributed to the parties' equity in the homestead.

With respect to respondent's cross-appeal, we think the grounds stated in the motion for reopening trial, namely that appellant claimed to have been misled by her attorney, were sufficient to enable the court to hear further evidence. Moreover, as respondent states in his brief, the court "reached only slightly different conclusions" in its two determinations concerning valuation. Consequently, it would seem little, if any, prejudice because of the reopening has occurred to respondent.

Judgment and order affirmed. Costs to respondent.

SMITH, C. J., and TAYLOR, McFADDEN, and SPEAR, JJ., concur.

---

2. I.C. § "32–613. *Recrimination.*—Recrimination is a showing by the defendant of any cause of divorce against the plaintiff, in bar of the plaintiff's cause of divorce."

3. Cf. Howay v. Howay, 74 Idaho 492, 264 P.2d 691 (1953).

4. See I.C. §§ 32–603, 32–605, cf. Barker v. Barker, 92 Idaho 204, 440 P.2d 137 (1968).

5. See I.C. § 32–712; Barker v. Barker, supra n. 4.